In re the **MARRIAGE OF Connie R. FOUNTAIN and George L. Fountain.**

Upon the Petition of Connie R. Fountain, Appellee,

And Concerning George L. Fountain, Appellant.

No. 91–1306.

Court of Appeals of Iowa.

Sept. 29, 1992.

Randall C. Stravers and James Q. Blomgren of Pothoven, Blomgren & Stravers, Oskaloosa, for appellant.

Robert M. Box, Ottumwa, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

HABHAB, Judge.

Connie and George Fountain were married in 1974. They have three children, Donald born in July 1977, Richard born in February 1981, and William born in April 1984. The dissolution decree placed the three children in joint legal custody and in Connie's primary physical care. These custody provisions are not challenged in this appeal.

George was forty-seven years old at the time of the dissolution trial. He was self-employed as a mechanic for many years. He also worked for Burlington Northern

Railroad during some years. His income while working for the railroad was about $29,000 per year. He sustained several injuries while employed by the railroad. George has not worked since his last injury on January 28, 1990. He received workers' compensation benefits of $600 per month for a period of time, but those benefits have ceased. At the time of the trial George had no income.

George testified he planned to bring an action against his former employer under the Federal Employer Liability Act (FELA). He has contacted an attorney but at trial time had not yet filed a claim. George testified he was seeing physicians to determine the extent of his injuries.

Connie was forty-four years old at the time of the dissolution trial. She is presently employed as a cook at a YMCA care center. She works about twenty hours a week and earns approximately $300 per month. Prior to her present employment she worked full-time at a nursing home for about six years before she began her present employment. She testified she was looking for full-time employment.

Trial was held on April 11, 1991. At the conclusion of the hearing, the district court dictated some findings and conclusions into the record. The court then asked the attorneys to draft a decree in accordance with the oral ruling. The dissolution decree was filed on July 22, 1991.

In the decree the court ordered George to pay child support of $240 per month. George was also ordered to pay one-third of any settlement funds he may receive from his FELA claim, after subtracting loan advances and attorney fees, into a conservatorship for the health, education, and general welfare of the children. Any funds remaining in the conservatorship after the youngest child obtains the age of majority are to be divided equally among the surviving children. George was awarded the parties' house, and the court divided the parties' personal property between them. George was ordered to pay Connie a property settlement of $6,000.

George filed a motion pursuant to Iowa Rule of Civil Procedure 179(b) on August 1, 1991. The district court found the motion untimely for it was not filed within ten days after the court dictated its findings of fact and conclusions of law into the record. The court also denied the motion on its merits. George filed a notice of appeal on August 28, 1991.

■ I. Our scope of review in dissolution cases is de novo. *In re Marriage of Craig*, 462 N.W.2d 692, 693 (Iowa App. 1990). While not bound by the trial court's determination of factual findings, we will give them considerable weight, especially when considering the credibility of witnesses. *Id.*

■ II. We first address Connie's contention that we lack jurisdiction over this appeal because it was not filed within thirty days of the district court's decree, as required by Iowa Rule of Appellate Procedure 5. Connie argues the time for filing an appeal began to run on April 11, 1991, the date the district court issued its oral ruling from the bench. George filed his notice of appeal on August 28, 1991.

■ A timely motion pursuant to Iowa Rule of Civil Procedure 179(b) will toll the time to file an appeal. *Doland v. Boone County*, 376 N.W.2d 870, 876 (Iowa 1985). However, the time for filing an appeal is not extended by the filing of an improper rule 179(b) motion. *See Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 471 (Iowa 1978). Under rule 247, a rule 179(b) motion must be filed within ten days after the verdict, report, or decision is filed.

■ The timeliness of a motion to enlarge or amend is to be judged by the date the jury renders its verdict, directed or otherwise, or the date the master makes his report or the date the trial court files its findings of fact and conclusions of law. *Id.* Where an action at law is tried to the court, and the court informally expresses the nature of its decision and directs that counsel for the successful party prepare a formal judgment to give effect to the informal decision, the time to file a motion for a new trial does not commence to run until the formal judgment has been prepared

and entered. *Egy v. Winterset Motor Co.*, 231 Iowa 680, 687, 2 N.W.2d 93, 97 (1942).

■ We note that under rule 247, the time for filing posttrial motions pursuant to that rule must be filed within ten days after the verdict, report, or decision is *filed.* We conclude that in the case of a trial to the court, this means the date the written findings required by rule 179(a) are filed. We therefore find George had ten days after the findings and conclusions of the court was filed (which was July 22, 1991) to file a motion pursuant to rule 179(b). George's motion was filed on August 1, 1991. The thirty-day period for filing an appeal was thus tolled until the district court issued a ruling on his motion on August 22, 1991. George filed his appeal within thirty days after the ruling on his rule 179(b) motion. We determine the appeal is timely, and we have jurisdiction to consider it.

■ III. In his appeal George contends the district court should not have ordered him to pay child support of $240 per month when he does not presently have any income. At the time of the dissolution trial George had borrowed about $6,000 from his FELA attorney and was using this money for living expenses.[1]

The district court found George had the capacity to earn at least $600 per month and Connie had the capacity to earn $300 per month. The court then applied the child support guidelines to determine the amount of George's child support obligation. We agree with the district court's findings. We affirm the award of $240 per month in child support for the three children.

The district court ordered George to continue paying child support under the guidelines while the children were between the ages of eighteen and twenty-two if the children qualified for such support under Iowa Code section 598.1(2) by attending an institution of higher education.

1. We note the following statement from Mr. Fountain's brief:
   Mr. Fountain had access to certain funds and therefore a minimal amount of child support is not unreasonable in light of all the facts.

■ We have previously determined the child support guidelines are not applicable to determine support for an unmarried adult child under twenty-two years of age who is a student. *In re Marriage of Linberg*, 462 N.W.2d 698, 701 (Iowa App.1990). A parent's responsibility for a child's support past the age of eighteen is generally based on the amount of the child's education expenses and is often limited to the cost of attending a state supported university in the state of the student's residence. *See In re Marriage of Richards*, 439 N.W.2d 876, 880 (Iowa App.1989). Therefore, we modify this portion of the dissolution decree to provide that George shall pay child support in the amount of $240 per month and continuing until each child reaches age eighteen, dies, marries, completes high school, or becomes self-supporting. The amount of child support shall be adjusted in accordance with the mandated guidelines as each child no longer qualifies for support. The question of the amount of child support if and when a child qualifies under section 598.1(2) shall be determined at that time.

■ IV. George also contends the district court should not have ordered him to place one-third of any net proceeds he receives from a FELA tort claim in a conservatorship for the children. He points out that he has not yet filed a claim and there is no evidence concerning what amount of damages he could reasonably anticipate receiving. George believes such a conservatorship is not necessary for the support of the children.

Iowa Code section 598.21(1) provides:

The court may protect and promote the best interests of children of the parties by setting aside a portion of the property of the parties in a separate fund or conservatorship for the support, maintenance, education and general welfare of the minor children.

However, there is no basis upon which to set aside one-third of any potential recovery he may receive on his personal injury claim for support of the minor children and for the principal to be distributed to them.

We have discussed the application of section 598.21(1) as follows:

> Parents have a legal obligation to support their children. However, the children are not entitled to share equally in the distribution of the property. There is no statutory authorization for such a distribution. The statutes only give the court discretion to set a fund aside to protect the children or to promote their best interests when the circumstances warrant such a disposition.

*In re Marriage of Richards,* 439 N.W.2d 876, 879 (Iowa App.1989) (citations omitted).

A trust fund is justified when the record reflects an unwillingness or inability of either party to meet the legal obligation of support. *Id.* at 878–79. Without such a justification, no reason exists to create a trust or conservatorship. *Id.* at 879; *see also In re Marriage of Bornstein,* 359 N.W.2d 500, 504 (Iowa App.1984).

We find no reason to create a conservatorship in the present case.[2] There was no evidence George was unwilling or unable to meet his child support obligation at the present time, let alone at some point in the future. The record shows George was willing to pay some amount of child support, even though he had no income at the time of the dissolution trial and had to borrow money to pay his child support obligation. Further, there was no showing that the children had any special needs which require the creation of a trust fund.

We also note there was no evidence as to the amount of damages George planned to claim in his FELA suit or what amount of damages he could reasonably anticipate receiving. Because George had not yet even filed a suit, any potential amount of damages to him is speculative. We therefore eliminate the portion of the dissolution decree requiring George to place one-third of any net proceeds from his FELA claim into a conservatorship for the children, which of course includes the elimination of the provision for the division of the remaining proceeds thereof after the youngest child reaches the age of majority.

V. Except as modified above, we affirm the terms of the dissolution decree as set forth by the district court. Costs of this appeal are assessed one-half to each party.

AFFIRMED AS MODIFIED.

---

**2.** We recognize that our supreme court in *Neiderhiser v. Neiderhiser,* 254 Iowa 791, 119 N.W.2d 245 (1963), approved a trust created for the support of children. However, in that case the husband had been uncooperative in all stages of the dissolution proceedings. We rejected a trust provision in our *Bornstein* case because of lack of evidence of an unwillingness or inability of either party to meet the legal obligation of support.