**In re the MARRIAGE OF Lorrie R. GRIFFIN and Philip J. Griffin.**

**Upon the Petition of**

**Lorrie R. GRIFFIN N/K/A Lorrie R. Ludwick, Appellee,**

**And Concerning**

**Philip J. Griffin, Appellant.**

**No. 96–1102.**

Court of Appeals of Iowa.

Sept. 24, 1997.

Douglas R. Smalley of Reimenschneider, Rydell & Smalley, Des Moines, for appellant.

Randy S. DeGeest, Oskaloosa, for appellee.

VOGEL, Judge.

Philip Griffin appeals a district court's modification order requiring him to contribute toward his son's college expenses. We have modified the amount of his contribution, but otherwise affirm.

Philip and Lorrie Griffin have three children, Johannah, born in 1973, Bradley, born in 1976, and Alan, born in 1981. A dissolution decree was entered for the parties on February 19, 1985. The decree incorporated the parties' stipulation, awarding Lorrie primary physical care of the children, and ordering Philip to pay child support.

In 1995, Bradley began attending classes at Iowa State University. His college expenses were $6966.54 for tuition, room and board, and books. Bradley received financial aid totaling $3605. Lorrie paid those costs not covered by financial aid. On August 22, 1995, Lorrie filed an application to modify in which she sought to have Philip contribute to Bradley's college expenses.

1. Prior to 1993, the provisions concerning support for college-age children were found in sec-

At the modification hearing, Lorrie testified she is employed at a credit union and earns $24,987 per year. Philip is the owner of the Phil Griffin Agency, an insurance business incorporated as a subchapter C corporation. The corporation reported a gross income of $117,515 in 1994. Philip was paid a salary of $17,100.

The court concluded Philip should contribute $4646.68, which was two-thirds of Bradley's 1995–96 college expenses. In addition, he should pay two-thirds of all future college expenses. The court further ordered Philip to pay Lorrie $500 toward her attorney fees. Philip has appealed.

**I.** Our scope of review in dissolution cases is de novo. Iowa R.App. P. 4. We are not bound by the district court's findings of fact, but we do give them deference because the district court had an opportunity to view, firsthand, the demeanor of the witnesses when testifying. *In re Marriage of Brown*, 487 N.W.2d 331, 332 (Iowa 1992).

**II.** Philip contends the district court should not have required him to pay two-thirds of Bradley's college expenses. He believes the parties have relatively equal earning capacities. He asks that each party be responsible for one-third of Bradley's college expenses, with Bradley being responsible for the other one-third.

Prior to enactment of Iowa Code section 598.21(5A) on July 1, 1997, a divorced parent's obligation to support his or her child past the age of eighteen years was determined by section 598.1(6).[1] *In re Marriage of Linberg*, 462 N.W.2d 698, 701 (Iowa App. 1990). This section gave a court discretion to impose an obligation on divorced parents to support their children while they are attending college, as long as the children are not married and are not yet twenty-two years of age. *State ex rel. Tack v. Sandholdt*, 519 N.W.2d 414, 416 (Iowa App.1994).

Case law construed section 598.1(6) as requiring a divorced parent to assume only a reasonable portion of the child's education

tion 598.1(2).

expenses. *In re Marriage of Hasley,* 433 N.W.2d 40, 41 (Iowa App.1988). What is reasonable must be determined by examining the, parents' financial resources and the child's educational needs. *In re Marriage of Lieberman,* 426 N.W.2d 683, 685 (Iowa App. 1988).

The district court required Philip to contribute only to Bradley's direct college expenses, those for tuition, room, board, and books. This is in accord with previous cases. *See In re Marriage of Springer,* 538 N.W.2d 897, 901 (Iowa App.1995) (Parents are expected to contribute only to the expenses of tuition, room, board, and books). Based on existing case law, we determine Philip should be responsible for two-thirds of Bradley's college expenses incurred prior to July 1, 1997.

**III.** Philip asks us to declare section 598.1(6) unconstitutional because it requires divorced parents to provide post-secondary education for their adult children, while married parents do not have this statutory responsibility. Our supreme court has determined this statute is constitutional. *In re Marriage of Vrban,* 293 N.W.2d 198, 202 (Iowa 1980). We need not address this issue further for post-secondary educational expenses incurred prior to the enactment of Iowa Code section 598.21(5A).

On July 1, 1997, new code section 598.21(5A) became effective. That statute provides in part:

5A. The court may order a postsecondary education subsidy if good cause is shown.

a. In determining whether good cause exists for ordering a postsecondary education subsidy, the court shall consider the age of the child, the ability of the child relative to postsecondary education, the child's financial resources, whether the child is self-sustaining, and the financial condition of each parent. If the court determines that good cause is shown for ordering a postsecondary education subsidy, the court shall determine the amount of subsidy as follows:

(1) The court shall determine the cost of postsecondary education based upon the cost of attending an in-state public institu-

tion for a course of instruction leading to an undergraduate degree and shall include the reasonable costs for only necessary postsecondary education expenses.

(2) The court shall then determine the amount, if any, which the child may reasonably be expected to contribute, considering the child's financial resources, including but not limited to the availability of financial aid whether in the form of scholarships, grants, or student loans, and the ability of the child to earn income while attending school.

(3) The child's expected contribution shall be deducted from the cost of postsecondary education and the court shall apportion responsibility for the remaining cost of postsecondary education to each parent. The amount paid by each parent shall not exceed thirty-three and one-third percent of the total cost of postsecondary education.

Iowa Code § 598.21(5A) (1997).

■ This case requires us to determine the application of this code section. The statute sets the financial obligations of divorced parents to their children who wish to attend college. It is a substantive law change and should therefore only be applied prospectively. *Frideres v. Schiltz,* 540 N.W.2d 261, 264 (Iowa 1995). However, as higher education costs are not all due and payable at one time, we can segregate the financial obligation so that expenses incurred prior to July 1, 1997, are subject to the former statutory and case law; expenses accruing after the effective date of section 598.21(5A) are to be determined according to the statute.

■ Under section 598.21(5A), the reasonable cost of postsecondary education is based on the cost of attending an in-state public institution. The child's expected contribution from scholarships, loans, and earnings is to be deducted from this amount. The remaining amount is apportioned to the parents whose shares shall not exceed thirty-three and one-third percent of the total cost. We therefore modify the trial court insofar as its decision is not in accord with section

598.21(5A)(a)(3) for the total cost of Bradley's college expenses accruing after July 1, 1997.

**IV.** Philip claims the district court abused its discretion by ordering him to pay $500 for Lorrie's attorney fees. Iowa courts have considerable discretion in awarding attorney fees. *In re Marriage of Hunt,* 476 N.W.2d 99, 103 (Iowa App.1991). We find no abuse of discretion in the award of attorney fees to Lorrie.

**V.** Finally, Philip claims the district court should have allowed him to present arguments and authorities at the conclusion of evidence. Philip did not object, and has not preserved error on this issue. We note he was not prohibited from filing a written brief or post-trial motions.

We affirm the decision of the district court, except we have modified Philip's obligation for Bradley's college expenses accruing after July 1, 1997. We affirm the district court in all other respects. Costs of this appeal are assessed one-half to each party.

**AFFIRMED AS MODIFIED.**