Upon the Petition of David E. BISENIUS, Appellee,

And Concerning

Beatrice B. Bisenius, Appellant.

No. 96–1594.

Supreme Court of Iowa.

Jan. 21, 1998.

Robert Sudmeier of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellant.

Charles H. Jacobs, Dubuque, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

CARTER, Justice.

 This is an appeal from an order of the district court interpreting the parties' dissolution of marriage decree, as modified, with respect to the obligation of petitioner-appellee, David E. Bisenius, to pay support for his children between ages eighteen and twenty-two, who qualify therefor under the definition contained in Iowa Code section 598.1(6) (1995). The appellee is respondent, Beatrice B. Bisenius, who, on April 7, 1995, initiated the present controversy by an application to adjudicate the amount of David's arrearage in child support.

The issue presented to this court is whether, as the district court concluded, the decree, as most recently modified, contemplated that the amount of support, if any, for a child attaining the age of eighteen was required to be recomputed based on a consideration of the actual amount of that child's educational expenses rather than by reference to the decree's general child support provisions. After reviewing the record and considering the arguments of the parties, we conclude that the order from which this appeal is taken is inconsistent with the basis for calculating support of children between the ages eighteen and twenty-two under the latest modification of the decree. Accordingly, we modify the district court's order in certain particulars and affirm it as to its other provisions.

The marriage of David and Beatrice was dissolved by decree on May 10, 1984. At that time, they had four children, ages seventeen, sixteen, thirteen, and eleven. Beatrice was designated as primary care giver for the children and awarded child support of $175 per week. The decree also provided that child support would continue for children between the ages of eighteen and twenty-two who qualified for support pursuant to the definition contained in Iowa Code section 598.1(6).

In 1986 the district court modified David's child support obligation by tying it to the statutory schedule for administratively established child support contained in Iowa Code section 252C.10 (1985). On August 10, 1987, the court again modified David's child support obligation so as to require that the amount payable under the section 252C.10 schedule should not exceed $200 per week nor be less than $100 per week. Yet another modification of David's child support obligation was ordered on April 10, 1989. At that time, the oldest child was beyond the age of twenty-two. As to the remaining children, then ages twenty-one, eighteen, and sixteen, the court required David to make payments as follows:

(a) For four children—thirty percent of his net income

(b) For three or two children—twenty-five percent of his net income

(c) For one child—twenty percent of his net income.

It was further ordered that "the maximum amount of support by respondent [David] under said formula shall be $2,000.00 per month."

In the proceeding giving rise to the present appeal, Beatrice asserted that David was in arrearage as to child support owed under the April 1989 modification order. She asked the court to adjudicate the dollar amount that was owed. The 1989 modification order had required David to furnish Beatrice with verified statements of income on the fifteenth of each month following the end of each calendar quarter and provide an annual certification of his income by certified public accountant. It was provided that, if he failed to provide this financial data to Beatrice, child support for the period for which he failed to account was automatically liquidated at the maximum level of $2000 per month.

Beatrice has taken the position that David has at no time complied with the financial accounting requirements of the 1989 modification order. As a result, she sought to recover child support of $2000 per month from June 14, 1988 (the date on which the 1989 order was made retroactively effective) until the time that the youngest child attained his twenty-second birthday. Although the district court agreed that the liquidated child support obligation of $2000 per month had been triggered by David's failure to account for his income, it concluded that the obligation to pay that monthly sum only continued until the youngest child reached age eighteen, rather than age twenty-two, as urged by Beatrice. The court concluded that when the youngest child reached age eighteen it became necessary to recompute the amount of child support owed based on a consideration of the actual amount of educational expenses of these children under age twenty-two who qualified for continuing child support under section 598.1(6). The court set a later hearing date to consider evidence of which children, if any, qualified for continuing support and the amount of their edu-

cational expenses. Before that hearing was held, this appeal was taken.[1]

The district court concluded that the formula for computing child support under the 1989 modification, based on a percentage of income, did not apply after the youngest child reached age eighteen. It stated its conclusions as follows:

> The respondent [Beatrice] assumes that because the obligation to pay support continued past the age of eighteen that the amount would continue to be calculated in the same way [as provided in the 1989 modification order]. This assumption is incorrect.
>
> Child support after age 18 is discretionary with the court. In deciding whether to provide for financial assistance from parents during post-high school education, the court considers the ability of a child for college, the age of the child, the financial conditions of the parents and whether the child is self-sustaining. When children have assets, the court may order them to use those resources for college expenses before parents will be required to contribute. The amount of support ordered is generally based on the amount of the child's educational expenses and is generally limited by the cost of attending a state-supported university.
>
> David Bisenius was clearly obligated by the court's order to pay support past the age of 18 so long as [the children] qualified pursuant to section 598.1. However, support during these years is not calculated on the same basis as support during years of minority. Support at the rate of $2,000 per month came to an end on Joseph's [the youngest child's] 18th birthday.

(Citations omitted.)[2]

■ In challenging the district court's determination, Beatrice urges that, because

the 1989 modification order was not appealed, the issue is not how that order should have best provided for the right of child support after age eighteen but how it actually did fix the support for children age eighteen or over. We find merit in this contention. The res judicata consequences of a final unappealed judgment are not altered by the fact that the judgment may have rested on incorrect legal principles. *Gail v. Western Convenience Stores*, 434 N.W.2d 862, 863 (Iowa 1989); *Mahaffa v. Mahaffa*, 230 Iowa 679, 683–84, 298 N.W. 916, 919 (1941).

Had the 1989 modification order been entered before any of the children had attained the age of eighteen, it may have been possible to interpret the amount of support established thereunder as not applying to children qualifying for extended support under section 598.1(6). But, at the time that order was entered, two of the three children involved were age eighteen or over. The court entering the 1989 order expressly found that those children qualified for extended support under the statute and ordered that support for all children be based on a percentage of David's income. The applicable percentage of income was based on the number of the children qualifying for support. Based on these facts, it is an inescapable conclusion that support for children ages eighteen to twenty-two was to be computed under the percentage of income formula the court derived.

■ In considering other provisions of the 1989 modification order that must be applied in determining David's child support arrearage, we interpret the order as follows. The period during which support was payable continued until no children were eligible

---

1. The appellee asserts that, because the issue of the amount of child support arrearage was not finally resolved when the notice of appeal was filed, the appeal is not taken from a final judgment as required by Iowa Rule of Appellate Procedure 1(a). Although we find some merit in this contention, we also believe that a decision of the issue presented at this time will materially advance the progress of the litigation. *See Banco Mortgage Co. v. Steil*, 351 N.W.2d 784, 787 (Iowa 1984). Consequently, we grant permission to appeal pursuant to rule 1(c).

2. The district court's conclusions resemble the criteria applied by the court of appeals in *In re Marriage of Richards*, 439 N.W.2d 876, 879–80 (Iowa App.1989). A new section 598.21(5)(A) enacted in 1997 Iowa Acts chapter 175, section 190 establishes a more structured basis for awarding support payments for postsecondary education. *See In re Marriage of Griffin*, 570 N.W.2d 258, 260 (Iowa App.1997).

for support thereunder. This does not necessarily mean, as Beatrice suggests, that it extends until the youngest child reached age twenty-two. If at any time there were a child age eighteen or over not eligible for support under section 598.1(6), the ineligible child could not be counted as a child eligible for support under the percentage of income formula. The conditions of a support award for children age eighteen or over are self-executing. *See In re Marriage of Richards,* 439 N.W.2d at 879. For any period of time that any child qualified for support, the liquidated $2000 monthly support triggered by David's failure to account would be the amount owed. But, for any period of time that no children qualified for support under section 598.1(6), no child support would be owed by David notwithstanding his failure to account for his income. In no event can the obligation to pay child support extend beyond the time the youngest child attained the age of twenty-two.[3]

For the reasons stated, we find that the basis upon which the district court sought to compute the amount of David's child support arrearage was incorrect. We modify the order so as to require that the amount owed be computed in accordance with the principles that we have set forth in this opinion. Unless the parties agree, this will require a further evidentiary hearing in the district court. Other matters adjudicated in the district court's order, including the adult dependency support for David, Jr., are affirmed. All costs on appeal are assessed to David.

**AFFIRMED AS MODIFIED.**

[3]. We have not overlooked the fact that David Bisenius, Jr., the second eldest child, is dependent on his parents because of a mental disability and thus eligible under section 598.1(6) for child support after attaining age 22. Notwithstanding this circumstance, the language of the 1989 modification order clearly terminates child support for all children at age 22. The district court entered a new support order for David, Jr. with the amounts payable thereunder to commence on May 1, 1995. That provision of the order is not challenged on this appeal.