In re the MARRIAGE OF Nancy C. WILLIAMS and Stephen H. Williams.

Upon the Petition of

Nancy C. Williams n/k/a Nancy Cervetti, Appellee,

And Concerning

Stephen H. Williams, Appellant.

No. 97–1629.

Supreme Court of Iowa.

June 3, 1999.

---

Susan L. Ekstrom of Ekstrom & Burkey, Des Moines, for appellant.

Stacey N. Warren, until withdrawal, and Steven H. Shindler of Smith, Schneider, Stiles, Hudson, Serangeli, Mallaney & Shindler, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

SNELL, Justice.

The respondent challenges the district court's entry of a default judgment and its modification of the parties' dissolution decree. We affirm in part and modify in part.

## I. Background Facts and Proceedings

Petitioner Nancy Cervetti and Stephen Williams were divorced in October 1986. They have two children, Lisa, born December 13, 1978, and Marianne, born March 10, 1980.

The parties had established education accounts which were to be used for their daughters' college education, and the dissolution decree provided that Stephen was to be the custodian for the accounts. The decree further provided that after the application of the account funds, Stephen was to be solely responsible for paying for the remainder of the girls' college education expenses to the extent they did not exceed the costs of attending the University of Iowa or Iowa State University.[1] It was anticipated that Lisa would begin college in the fall of 1997 and Marianne would begin in the fall of 1998.

In December 1996, Nancy filed an application for a separate conservatorship pursuant to Iowa Code section 598.21(5) (1995) and an application to modify the original decree. She alleged Stephen had a drug problem which jeopardized his ability to manage the girls' college accounts and would impair his ability to finance their college education. Nancy requested the establishment of a trust fund to ensure the girls' postsecondary expenses would be paid. Nancy also requested that the original decree be modified to require Stephen to pay all of the children's college expenses without regard to the costs of an education at the University of Iowa or Iowa State University.

In February 1997, Nancy served a request for the production of documents and interrogatories upon Stephen. The discovery sought to ascertain Stephen's current financial condition and the status of the girls' education accounts. After Stephen failed to respond or file a timely objection, Nancy filed a motion to compel. Following a hearing, the district court granted the motion and ordered Stephen to respond to the discovery requests on or before May 12, 1997. The order authorized Nancy to file an application for sanctions pursuant to Iowa Rule of Civil Procedure 134 if Stephen did not properly respond.

Stephen did not respond and Nancy filed an application for sanctions, requesting attorney fees and sanctions as authorized by rule 134. The court entered an order for sanctions. It found Stephen had willfully failed to comply with the court's

---

1. The decree specifically provided:
   [Stephen] shall become the custodian of Lisa and Marianne's stock accounts, which are intended to pay for the children's college expenses in full or in part. Whatever expenses exceed the value of the stock accounts at the time that the children are actually attending college shall be the sole responsibility of [Stephen]. [Stephen] shall assume those college expenses including room, board, books and tuition, miscellaneous fees and expenses, however, said expenses shall not exceed those costs at the University of Iowa or Iowa State at the time the children actually go to college.

order, he was in contempt, and sanctions under rule 134 were appropriate. The court ordered Stephen to comply with the discovery requests by May 30 or a warrant for his arrest would be issued.

Stephen failed to comply with the court's second order and a bench warrant was issued. Nancy filed a second application for sanctions, and a hearing was held on June 17, 1997. Stephen admitted he was addicted to crack cocaine, had been at four different treatment facilities during the last year, and spent $100 to $150 per day on his addiction. He contended his drug problem and recent divorce contributed to his failure to comply with the discovery requests.

In an order filed June 25, 1997, the district court granted Nancy's second application for sanctions. It found there was no medical testimony to support Stephen's claim that his substance abuse prevented him from complying with the discovery orders, and it concluded Stephen's noncompliance with the discovery requests and the court's orders had been willful. The court further found Nancy had been substantially prejudiced by Stephen's noncompliance, and it granted her a default judgment pursuant to Iowa Rule of Civil Procedure 134(b)(2)(c).

The court modified the original decree to require Stephen to pay all of his daughters' college expenses (less any grants, scholarships, or similar credits) without regard to the costs of an in-state education. The court concluded Stephen was incapable of holding and managing assets to cover his children's college expenses, and it ordered him to turn over all control of the children's education accounts to Nancy. In addition, the court ordered Stephen to advance $75,000 of his own funds to Nancy for application to the girls' college expenses.

Stephen filed a motion pursuant to Iowa Rule of Civil Procedure 179(b), alleging the district court had erred in not applying recent legislation which caps a parent's obligation to pay for college expenses to one-third of the costs of a state school. 1997 Iowa Acts ch. 175, § 190 (codified at Iowa Code § 598.21(5A) (1999)). The district court concluded the new law only applied prospectively and denied the motion. Stephen has appealed and Nancy has requested an award of appellate attorney fees.

## II. Entry of Default Judgment

■■■■ Stephen challenges the district court's entry of a default judgment as a sanction for his failure to comply with the discovery requests. A district court's order imposing discovery sanctions will not be disturbed unless the court abused its discretion. *Troendle v. Hanson*, 570 N.W.2d 753, 755 (Iowa 1997). An abuse of discretion consists of a ruling which rests upon clearly untenable or unreasonable grounds. *Id.*

■■■■ "Because the sanctions of dismissal and default judgment preclude a trial on the merits, the range of the trial court's discretion to impose such sanctions is narrow." *Id.* In order to justify the sanction of default, a party's noncompliance with a court's discovery orders must be the result of willfulness, fault, or bad faith. *See id.* We have previously affirmed the entry of default judgments in cases where a dilatory party failed to provide discovery responses. *See, e.g., Aquadrill, Inc. v. Environmental Compliance Consulting Servs., Inc.*, 558 N.W.2d 391, 396 (Iowa 1997); *Smiley v. Twin City Beef Co.*, 236 N.W.2d 356, 360 (Iowa 1975).

Stephen readily concedes that he did not comply with the discovery requests or the related court orders. He contends he was suffering from a disability as a result of his drug addiction and the entry of a default was too harsh a sanction. We agree with the district court's assessment that Stephen's evidence did not establish he had been incapable of complying with the discovery requests. Following his initial failure to respond, the court gave Stephen two additional deadlines, and he did not

attempt to comply with either of them. His conduct was clearly willful.

■ We also agree with the district court's conclusion that Stephen's conduct prejudiced Nancy. The modification action was to be tried on June 25, 1997, and for nearly four months Stephen failed to provide financial information critical to the outcome of the case. Time was of the essence given that Lisa was to begin college that fall and her choice of school and her final financial aid package would be affected by the amount of support Stephen would provide. Entry of a default judgment was an appropriate sanction for Stephen's willful noncompliance with the discovery requests.

### III. Application of Iowa Code Section 598.21(5A)

■ Stephen argues the district court erred in failing to limit his support obligation in accordance with the provisions of Iowa Code section 598.21(5A). Section 598.21(5A) was adopted during the 1997 legislative session. 1997 Iowa Acts ch. 175, § 190.

This new law establishes a more structured basis for awarding support payments for postsecondary education. *In re Petition of Bisenius*, 573 N.W.2d 258, 260 n. 2 (Iowa 1998). Specifically, it provides that a parent may be required to pay a postsecondary education subsidy, but the amount to be paid cannot exceed thirty-three and one-third percent of the total costs of an education at an in-state public institution. Iowa Code § 598.21(5A)(a)(3).

■ Section 598.21(5A) took effect on July 1, 1997. *Id.* § 3.7(1). The district court had entered its modification order six days earlier. A statute is presumed to be prospective in its operation unless expressly made retrospective. *Id.* § 4.5. Nothing in the new law indicates it was to be applied retroactively, and the trial court

was correct in declining to apply it to this case.[2]

We cannot conclude our review of this matter without noting that the court of appeals previously considered the same issue in *In re Marriage of Griffin*, 570 N.W.2d 258 (Iowa App.1997). In *Griffin* the court of appeals held the statute was only to be applied prospectively. *Griffin*, 570 N.W.2d at 260. While we agree with that aspect of the court's opinion, we must depart from the remainder of its analysis and its application of the new law.

*Griffin*, like the case at bar, involved a situation in which the new law was not in effect at the time the district court ruled upon the modification application. However, the court of appeals reasoned that higher education costs are not all due and payable at one time, and it concluded it could segregate the financial obligations incurred prior to the effective date of the new law and those incurred after. *Id.* The court held college expenses incurred prior to July 1 were not subject to the new law, but expenses accruing after that date were. *Id.*

While asserting that the statute was only to be applied prospectively, the court of appeals gave it retroactive effect by applying it to the provisions of a district court order which had been entered before July 1, 1997. We cannot reconcile this outcome with our determination that the statute was only to be applied prospectively, and we overrule that portion of *Griffin*.

### IV. Modification of Stephen's Obligation to Pay College Expenses

■ The parties' dissolution decree provided that after the application of the girls' education accounts, Stephen was to pay all of their college expenses to the extent they did not exceed the costs of an education at the University of Iowa or Iowa State University. The district court's modification removed the in-state limit and made Ste-

---

**2.** Given our ruling on this issue, we need not reach Nancy's argument that any application

of the new law was estopped by the parties' 1986 Stipulation and Agreement.

phen responsible for all of the girls' college expenses regardless of what schools they chose to attend.

The record indicates Lisa had been accepted at a private out-of-state college where her annual education costs could exceed $29,000. A parent's responsibility to support a college-age child is often limited to the cost of attending a state-supported university in the state of the student's residence. *See In re Marriage of Van Ryswyk*, 492 N.W.2d 728, 732 (Iowa App.1992); *In re Marriage of Fountain*, 492 N.W.2d 707, 710 (Iowa App.1992). We find no basis for treating this case differently. The original decree adequately provided for the girls' education costs and modification was unnecessary. Stephen shall pay for their college expenses in accordance with the provisions in the original decree.

### V. Transfer of College Accounts to Nancy

■ The district court modified the decree to require Stephen to immediately turn over the girls' college accounts to Nancy. Although no record exists regarding Stephen's prior management of the accounts, the transfer was an appropriately cautious decision given Stephen's admitted drug problems. We affirm that provision of the district court's order.

### VI. $75,000 Advance Payment of College Expenses

In addition to requiring Stephen to transfer control of the girls' accounts, he was also ordered to pay $75,000 of his own funds to Nancy to be applied to the girls' college expenses. Although it was not specified in the court's judgment, it appears this order was intended to implement Nancy's application for a separate fund or conservatorship pursuant to Iowa Code section 598.21(5).

■ Section 598.21(5) provides authority for a court to set aside some of a parent's money in a separate fund for the support of the children. *In re Marriage of Hoak*, 364 N.W.2d 185, 189 (Iowa 1985).[3] Such a fund is justified when the record reflects a parent is unwilling or unable to meet the legal obligations of support. *See Fountain*, 492 N.W.2d at 711; *In re Marriage of Richards*, 439 N.W.2d 876, 878–79 (Iowa App.1989).

■ This appeal arises from the entry of a default judgment, and no record was made regarding Stephen's past or current compliance in making child support payments. Nor is there any evidence to establish that he would have been unwilling or unable to pay for the children's college expenses as they came due. Absent such evidence, there was no justification for requiring him to advance $75,000 for payment of the girls' college expenses. We modify the district court's order to eliminate this requirement.

### VII. Conclusion

In conclusion, we affirm the district court's entry of a default judgment as a sanction for Stephen's failure to respond to discovery requests and related court orders. We hold Iowa Code section 598.21(5A) is prospective in its operation and did not apply to a modification order entered prior to its July 1, 1997 effective date. We overrule *In re Marriage of Griffin*, 570 N.W.2d 258 (Iowa App.1997), to the extent it effectively applies the statute retroactively.

We conclude Stephen's obligation to pay for the girls' college expenses was appropriately limited to the costs of an in-state education and no modification was warranted. We affirm that portion of the modification order which requires Stephen to transfer control of the girls' education accounts to Nancy. We hold the current record does not support the district court's

**3.** Iowa Code section 598.21(1) provides similar authority for the placement of a parent's property in trust in order to ensure the support of a child.

requirement that Stephen advance $75,000 in payment for the girls' college expenses, and we eliminate it. Finally, we grant Nancy's request for an award of appellate attorney fees, and Stephen shall pay $1000 of those fees. Each party shall pay one-half of the costs of this action.

**AFFIRMED AS MODIFIED.**