**In re The MARRIAGE OF Patricia Lynn SOJKA and James Leo Sojka.**

**Upon the Petition of Patricia Lynn Sojka n/k/a Patricia Lynn Robison, Appellant,**

**and Concerning James Leo Sojka, Appellee.**

**No. 98–2066.**

Supreme Court of Iowa.

June 1, 2000.

Douglas L. Tindal of Tindal, Erdahl, Goddard & Nestor, Washington, for appellant.

Leslie D. Lamping of Day, Meeker, Lamping & Schlegel, Washington, for appellee.

NEUMAN, Justice.

This is an action to modify the child support provisions of the parties' dissolution of marriage decree. The issue is whether Iowa Code section 598.21(5A) (Supp.1997), which limits a divorced parent's financial obligation to college-age children, applies to a decree that predates its enactment. The district court, relying on *In re Marriage of Griffin*, 570 N.W.2d 258 (Iowa App.1997), granted the modification despite the fact that the statutory changes postdated the parties' decree. This court subsequently overruled *Griffin*, emphasizing the general rule requiring prospective application of new statutes. *In re Marriage of Williams*, 595 N.W.2d 126, 130 (Iowa 1999). *Williams* controls the present controversy. We therefore reverse and remand.

The facts are not disputed. The marriage between Patricia and James Sojka was dissolved in 1992. The parties have two children, Greg and Stacie. Only Stacie's ongoing support is at issue on this appeal.

The parties' dissolution decree incorporated the following agreement:

Respondent [James Sojka]'s child support obligation shall continue for either child who is below age twenty-two and is a full-time student, per Code of Iowa section 598.1(2).

*In addition to child support* Respondent will pay one-third (⅓) of the child's tuition, books, room and board while the child is a full-time student, and under age twenty-two. Respondent's obligation for such costs shall in no case exceed what is paid in-state students at the University of Iowa.

(Emphasis added.)

James petitioned to modify the child support provision in January 1998. He rested his petition on a then-recent amendment to Iowa Code section 598.21. The amendment provided that a divorced parent's financial obligation to a child attending college shall not exceed one-third of the total cost of the child's postsecondary education, measured by the cost of in-state tuition, room and board. 1997 Iowa Acts ch. 175, § 190 (now codified at Iowa Code § 598.21(5A) (1999)). James' petition claimed he was paying support for Stacie "far in excess of what is required by law." His petition also alluded, without elaboration, to other material and substantial changes in circumstances warranting modification pursuant to Iowa Code section 598.21(8).

Patricia resisted the modification application. She contested the applicability of section 598.21(5A) to obligations fixed by a decree filed more than six years before the statute's effective date. She also counterclaimed for additional support as well as an award of attorney fees.

The parties submitted the question of the applicability of section 598.21(5A) to the court in advance of trial. *See* Iowa R.Civ.P. 116 (separate adjudication of law points). *Griffin*, decided by our court of appeals in 1997, was the only appellate decision on point. The motion judge felt bound to apply it, as did the trial court. *See id.* (final order on law point may not be questioned at trial.) Consistent with *Griffin*, the court terminated the former child support provisions of the decree, and limited James' future payments to one-third of the roughly $11,100 annual expenses for Stacie's tuition, books, room, board and fees at the University of Iowa. The court specifically found no other grounds to modify the decree. This appeal by Patricia followed.

I. A petition to modify a decree of dissolution of marriage is triable in equity. Our review, therefore, is de novo. *In re Marriage of Walters*, 575 N.W.2d 739, 740 (Iowa 1998).

II. In *Griffin*, the court of appeals recognized that substantive law changes ordinarily apply prospectively only. *Griffin*, 570 N.W.2d at 260. It then observed, however, that "higher education costs are not all due and payable at one time." *Id.* It therefore applied the former law to support obligations accruing before the statutory change, but applied the new law to reduce the child support payor's subsequent obligations. *Id.* at 260–61.

We examined the *Griffin* decision in *In re Marriage of Williams*. Not unlike the case before us, *Williams* involved an application to modify postsecondary educational child support. The trial court's ruling, however, predated the statutory amendment by six days. Thus the district court refused to apply the new statute, and the child support obligor appealed. *Williams*, 595 N.W.2d at 130. We affirmed the district court and, in doing so, overruled that portion of *Griffin* which segregated pre-amendment college expenses from post-amendment costs and obligations. *Id.* We reasoned that such a division could not be reconciled with the prospective-only application of a substantive statute. *Id.*

The fact that the trial court's modification order in *Williams* predated the statutory amendment distinguishes it factually from the present case but does not diminish its precedential value. Implicit in our *Williams* decision is the principle that we look to the date of the decree, not to subsequent events, to determine whether a statutory change applies. An analogous case, *In re Marriage of Harless*, 251 N.W.2d 212 (Iowa 1977), nicely illustrates the point.

*Harless* involved a dissolution decree that obligated a father to support his daughter until she reached twenty-one or otherwise attained her majority (by marriage or emancipation) or terminated her education. *Harless*, 251 N.W.2d at 212. The legislature subsequently lowered the age of majority from twenty-one to eighteen. *See id.* When the father sought a corresponding termination of his child support obligation, a dispute arose over which statute governing age of majority applied. Mindful that not all jurisdictions were in agreement on the issue, we joined those states which hold "the law in effect at the time of the decree should govern." *Id.* at 213. Our decision rested on the general rule of statutory construction expressed in Iowa Code section 4.5 and applied at common law: "[S]tatutes have prospective application only unless a clearly contrary intent appears." *Id.*

The rule set forth in *Harless* and *Williams* applies with equal force here. James and Patricia's postsecondary child support obligations were mutually agreed upon, and fixed by decree, in 1992. James can point to no material or substantial change in circumstances warranting a modification of those obligations but for the statutory change in 1997. That change contained no language suggesting retroactive application. *Cf.* Iowa Code §§ 598.21(8A) (post-decree relocation of custodial parent may be considered substantial change in circumstances); 598.21(9) (authorizing modification when court order for child support deviates at least ten percent from current child support guidelines); *In re Marriage of Guyer*, 522 N.W.2d 818, 821 (Iowa 1994) (applying section 598.21(9)). To the extent *Williams* left open any question about the matter, we now hold that section 598.21(5A) applies only to dissolution decrees postdating the statute's enactment.

III. Because the district court relied on *Griffin*, its decision to modify the parties' decree must be reversed. No other grounds for modification appear in the record. We therefore reverse and remand for an order reinstating the prior judgment, and for a hearing on Patricia's claim for attorney fees at trial and on appeal.

**REVERSED AND REMANDED.**

All justices concur except CADY, J., who takes no part.