# IN THE COURT OF APPEALS OF IOWA

No. 3-1101 / 13-0353
Filed July 30, 2014

**DOUGLAS C. LANE, Individually
and as Executor of the ESTATE OF
ROBERT L. LANE,**
        Plaintiff-Appellant,

**vs.**

**EMERITUS CORPORATION d/b/a
SILVER PINES,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Linn County, Sean W. McPartland,

Judge.


        Douglas C. Lane appeals the jury verdict in favor of the defendant

Emeritus Corporation, doing business as Silver Pines, in a wrongful death and

professional negligence suit.   **AFFIRMED.**


        Pressley Henningsen and Emily Anderson of Riccolo, Semelroth &

Henningsen, P.C., Cedar Rapids, for appellant.

        Kendall R. Watkins of Davis, Brown, Koehn, Shors & Roberts, P.C., Des

Moines, and Donna J. Fudge and Tara A. Zimmerman of Fudge & McArthur,

P.A., St. Petersburg, Florida, for appellee.


        Heard by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, J.**

Douglas C. Lane (Lane) appeals the jury verdict in favor of the defendant Emeritus Corporation, doing business as Silver Pines (Silver Pines), in a wrongful death and professional negligence suit. Lane claims the district court erred in failing to direct a verdict in his favor. He also contends the district court should have granted a new trial due to numerous irregularities, which led to an unfair result. We find the jury verdict is supported by substantial evidence, and the district court did not abuse its discretion in declining to grant a new trial. We affirm.

## I. Background Facts and Proceedings

Lane filed this action individually and as administrator of the estate of his father, Robert Lane (Robert). Lane contends Silver Pines, a residential care facility (RCF) where Robert once resided, was professionally negligent by failing to adequately document Robert's condition, failing to contact Lane when Robert's physical condition worsened, and continuing to care for Robert after his condition had deteriorated to a point where Silver Pines was no longer legally capable of caring for him.

Following the death of his wife, Robert moved into Silver Pines. Starting in August 2005, while under the care of Silver Pines, Robert lost a significant amount of weight. Lane, who lives in California, came to Silver Pines to visit his father on April 6, 2006. Immediately upon arrival, Lane found his father to be in a significantly deteriorated state; Robert had lost a great deal of weight, had sores on his legs, and Lane contends Robert was suffering from a lack of personal

hygiene. On April 6, 2006, Lane took Robert to Mercy Medical Center in Cedar Rapids where he was admitted. During the hospitalization, it was discovered that Robert was suffering from low-grade lymphoma. Also, an endoscopy was performed and ulcers were found in Robert's stomach. Following an eleven-day stay, Robert was released to Heritage Nursing Home; however, he was readmitted to Mercy on April 26 due to breathing difficulties. He died of pneumonia the next day.

Lane filed this suit on October 30, 2007. The petition named a number of defendants including Silver Pines and Dr. Daniel A. Trautman, Robert's treating physician during his time at Silver Pines.[1] Due to a number of discovery disputes, the case proceeded slowly. The final pre-trial conference was held on December 13, 2012, and trial was set for December 17, 2012.

Due to the upcoming national holiday, the trial judge informed the parties the case must be submitted to the jury and a verdict returned by the end of the week or a mistrial would be declared. The night before trial, Lane filed a motion for sanctions, seeking to play the videotaped depositions of several witnesses.[2] The first day scheduled for trial was consumed with discussing the motion and selecting a jury. The district court ultimately decided to admit the depositions as a sanction against Silver Pines; however, the court also concluded it would have to rule on each of a large number of objections raised by Silver Pines to portions of the depositions. Lane withdrew his request to use the depositions, deciding

---

[1] Dr. Trautman is no longer a party to this suit.
[2] Lane also requested a jury instruction informing the jury of Silver Pines's discovery abuses and asked the judge to establish negligence as a matter of law.

the presentation of live witnesses would make it more likely the trial could be concluded before the holiday. Later, the court denied Silver Pines's motion for mistrial and claim it was being denied a fair trial due to the court's timeline. The case was submitted to the jury at 2:00 p.m. on Friday, December 21, 2006. The jury returned a verdict in favor of Silver Pines later that afternoon.

## II.     Standard of Review

We review the district court's ruling on a motion for a directed verdict for errors at law. *Dorshkind v. Oak Park Place of Dubuque II, L.L.C.*, 835 N.W.2d 293, 299–300 (Iowa 2013). Evidence is viewed in the light most favorable to the non-moving party. *Id.* at 300. The question is "whether the trial court correctly determined there was sufficient evidence to submit the issue to the jury." *Id.*

On the motion for new trial, our scope of our review "depends on the grounds raised in the motion." *Pavone v. Kirke*, 801 N.W.2d 477, 496 (Iowa 2011). To the extent the ruling was based upon discretionary grounds, we review for an abuse of discretion. *Id.* Legal questions are reviewed for errors of law. *Id.*

## III.     Discussion

### A.     Motion for Directed Verdict

Lane claims the district court should have granted a directed verdict in his favor. First, he contends the only conclusion the jury could have reached, based upon two jury instructions, was that Silver Pines was negligent per se. He also claims the district court should have sanctioned Silver Pines for discovery abuses by finding negligence as a matter of law.

### 1. Jury Instructions

Lane argues, based upon two jury instructions and the Restatement (Third) of Torts § 14, at 154 (2010), the jury could only have found Silver Pines negligent.

Jury Instruction No. 12 informed the jury Silver Pines could be negligent in any of seven different ways. Included were a failure to abide by all relevant state regulations and administrative codes and a failure to document any interventions that addressed Robert's weight loss. *See* Iowa Admin. Code r. 481-57.16(1)(n). Instruction No. 13 set out the applicable regulations and portions of the administrative code, including regulations that require the transfer of a patient when the patient's needs exceed the capabilities of a RCF. *See* Iowa Admin. Code r. 481–57.13(a). Also included were regulations that require changes to the patient's service plan or conditions be communicated to the patient's family members or a responsible party within five working days. *See* Iowa Admin. Code r. 871–57.22(3).

Lane asks us to adopt section 14 of the Restatement (Third) of Torts, which states: "An actor is negligent if, without excuse, the actor violates a statute that is designed to protect against the type of accident the actor's conduct causes, and if the accident victim is within the class of persons the statute is designed to protect." Though it has not yet had an opportunity to address section 14 of the Restatement (Third) of Torts, our supreme court has approved application of other sections of the Restatement (Third). *See Thompson v. Kaczinski*, 774 N.W.2d 829, 836–39 (Iowa 2009) (considering the law of

causation in a negligence action). Application of the Restatement (Third) has been extended to professional negligence cases as well. *See Asher v. OB-Gyn Specialists, P.C.*, 846 N.W.2d 492, 498–99 (Iowa 2014) (ruling trial court erred in failing to instruct the jury on causation using the factual cause and scope of liability approach of the Restatement (Third) of Torts).

In light of *Thompson* and *Asher*, we find no reason to believe our supreme court would decline to apply section 14 of the Restatement (Third). The district court apparently agreed, as instruction thirteen essentially incorporates section 14 of the Restatement (Third). As a result, the jury was asked to apply section 14 during deliberations. However, Lane's request goes further than merely applying section 14. He asks us, based upon the administrative citations found in the record, to remove from the jury the question of whether section 14 was violated.[3] No case law is cited supporting the proposition an administrative citation establishes negligence per se and removes the question of the regulatory violation from the province of the jury.[4] Finding no such authority in Iowa, we decline to do so. The citations can be evidence of a regulatory violation, but do not establish a per se breach of duty for purposes of tort liability.

---

[3] Lane also relies upon citations issued by the Iowa Department of Inspections and Appeals (IDIA) which faulted Silver Pines for several violations of the administrative code. One citation specifically found Silver Pines had retained Robert under their care after he had progressed to a level where he needed greater services than a RCF could provide, and another found Silver Pines had failed to adequately document changes in Robert's conditions.

[4] Lane cites to several cases, but in each case, breach is not a contested issue. Lane seeks to use the IDIA citations as proof of breach. The authorities cited are thus not on point.

The record contains conflicting evidence. Lane contends he was not notified of Robert's change in condition as required by law, and offered expert testimony on the issue. Silver Pines also offered expert testimony, as well as fact witnesses, who testified Silver Pines properly documented changes in Robert's conditions and made decisions intended to improve his deteriorating state. They also testified Silver Pines was qualified, under the administrative rules, to treat Robert's leg sores. The issue was essentially reduced to one of assessing witness credibility. We agree the record establishes Lane was not contacted by Silver Pine regarding his father's condition; however, based upon the testimony, it does not automatically follow that no other family member or legal representative was given notice of Robert's condition. A jury could conclude, based upon all the evidence presented, that Silver Pines complied with the administrative rules and accordingly did not perform negligently.

### 2. Sanctions

Lane also claims the district court should have established negligence as a matter of law as a discovery sanction against Silver Pines. The history of discovery disputes in this case is lengthy.

Lane presents us with a detailed list of discovery delays and abuses committed by Silver Pines. There are four disputes that are important for purposes of this appeal. The first concerns Silver Pines's failure to provide full and complete responses to Lane's initial written discovery requests. In an order dated February 5, 2009, the district court indicated sanctions would be imposed if Silver Pines did not comply with the request within fourteen days. Silver Pines

responded on the fourteenth day, but took nearly three years to fully supplement the responses. Lane argues this was prejudicial and a violation of the district court order. Second, on January 14, 2011, Silver Pines was ordered to produce the names of certain employee witnesses or Lane would be granted some or all of his requested relief, including the establishment of negligence as a matter of law.[5] The witnesses' names were provided to Lane, but only after the deadline imposed by the order. Third, on October 31, 2012, Silver Pines was ordered to produce documents in response to Lane's rule 1.707(5) deposition notice and in response to a request for production of documents. In the order, the district court expressed concern Silver Pines was not taking Lane's discovery requests seriously. The court declined to establish negligence as a matter of law, but left the possibility open if Silver Pines failed to comply with Lane's discovery requests in the future. Fourth, Lane claims Silver Pines failed to produce requested tax returns until the trial had begun, and Silver Pines never provided corporate designees as witnesses who were knowledgeable about relevant subject matters.

At trial, the district court imposed sanctions on Silver Pines for its continued failure to fully comply with Lane's discovery requests. Lane was granted the opportunity to play videotaped depositions rather than being required to call witnesses for live testimony. Upon reviewing the contents of those depositions, and in response to objections by Silver Pines, the district court decided it would rule on objections to the deposition testimony before the video

---

[5] The order also noted Lane's own failure to comply with discovery rules.

could be played to the jury. The district court declined to establish negligence as a matter of law. Due to the time limits imposed upon the trial, Lane chose to forego taking advantage of the sanction and called the witnesses for live testimony.

We will not disturb a district court order on sanctions unless the court abused its discretion. *In re Marriage of Williams*, 595 N.W.2d 126, 129 (Iowa 1999). The district court abuses its discretion when the grounds relied upon are clearly untenable or unreasonable. *Id.* Rule 1.507 allows the court to establish certain designated facts as a matter of law as a discovery sanction. Iowa R. Civ. P. 1.507(2)(b)(1).

Lane claims establishing negligence as a matter of law is akin to an order dismissing a plaintiff's petition. Our supreme court has said that because such an order precludes a trial on the merits, the district court has very narrow discretion to impose this type of sanction. *Williams*, 595 N.W.2d at 129. This extreme sanction can only be imposed where the noncompliance was willful, a matter of fault, or a matter of bad faith. *Id.* A complete failure to comply with discovery requests can be evidence a party willfully refused to comply with the court's order. *See Aquadrill Inc. v. Envtl. Compliance Consulting Servs., Inc.*, 558 N.W.2d 391, 396 (Iowa 1997).

Trial courts are to consider four factors when determining whether a sanction is appropriate. *Lawson v. Kurtzhals*, 792 N.W.2d 251, 259 (Iowa 2010). The district court is to examine: (1) the party's reasons for noncompliance, (2) the importance of the requested evidence, (3) the time needed for the opposing party

to prepare to meet the evidence, and (4) whether a continuance should be granted. *Id.*

Silver Pines provided no compelling reason for its noncompliance, and the fact tax returns were located and provided in a very short period of time during trial indicates its failure to do the same over the previous number of years was a willful violation of the district court's order. We agree with Lane that the evidence, particularly as to the corporate designees, was important to the case, though it remains unclear whether better-prepared witnesses could have been named. The essence of Lane's request is an effort to remedy an on-going frustration with years of discovery delays and abuses by Silver Pines because of what he believes to be insufficient sanctions. We too find this case comes very close to necessitating the removal of certain decisions from the jury. We cannot say, however, the district court's decision to decline the most extreme sanction available was an abuse of discretion. The district court expressed significant frustration with the conduct of both parties in terms of trial preparation. Considering the fact Silver Pines did eventually, if belatedly, comply with Lane's discovery requests, we find the district court did not rely on clearly untenable or unreasonable grounds in declining to establish negligence as a matter of law.

### B. Motion for New Trial

Lane claims he should have been granted a new trial on several grounds. He contends multiple irregularities and Silver Pines's trial conduct denied him a fair trial. He also contends the verdict was not supported by substantial

evidence, and the district court committed errors in issuing certain instructions and excluding certain evidence.

### 1.    Trial Irregularities and Silver Pines's Conduct

Lane claims Sliver Pines's conduct during trial created an unfair result. Specifically, Lane contends Silver Pines engaged in delay tactics intended to run out the short clock established for trial.  Lane blames Silver Pines for his inability to rest by Wednesday of the trial week.  We find Lane agreed to a shortened trial that was to be concluded within one week.  Though we understand Lane's concern with further delaying a trial more than five years in the making, we agree Lane had a choice in whether to proceed with the time-limited trial or continue the trial to a later, less-restricted date.  It was unreasonable for Lane to assume the shortened trial week would remove Silver Pines's right to present defenses and engage in expected trial conduct.[6]  We find the district court did not abuse its discretion in declining to grant a new trial on this issue.

### 2.    Substantial Evidence

Lane claims the district court should have granted him a new trial, challenging the court's discretionary finding on "whether substantial evidence supported the verdict." The claim also mirrors the same positions offered on the motion for directed verdict.  For reasons previously stated, we find the district court did not abuse its discretion in declining to grant a new trial on this issue.

---

[6] Lane is particularly concerned Silver Pines presented previously undisclosed defenses during trial. Silver Pines argues the basis for each defense was contained in previous discovery and that Lane misconstrues several of the defenses.  We do not agree with Lane that he was surprised by previously undisclosed defenses at trial.

### 3.    District Court Errors

Lane claims the district court committed two legal errors necessitating a new trial.  First, he claims the court gave several improper jury instructions.  Second, he claims the district court improperly excluded evidence of Silver Pines's past administrative code violations.

### a.    Jury Instructions

Lane contends Silver Pines should not have been allowed to submit instructions to the jury on comparative fault, failure to mitigate, and superseding cause because of its earlier discovery errors.[7]  The district court found sufficient evidence to submit the comparative fault instruction to the jury and determined a subsequent illness could have been a superseding cause.

A party is entitled to submit an instruction to the jury when the instruction embodies a correct statement of the law and is applicable to the case.  *Wolbers v. The Finley Hosp.*, 673 N.W.2d 728, 731–32 (Iowa 2003).  To be applicable in a medical malpractice case, the patient's negligence "must have been an active and efficient contributing cause of the injury, must have cooperated with the negligence of the malpractitioner, [and] must have been an element in the transaction on which the malpractice is based."  *Id.* at 732.  Lane reads *Wolbers* as prohibiting the comparative fault instruction in this case.  We disagree.  There is record evidence indicating Robert participated in the course of events that

---

[7] Lane makes no specific argument and cites no authority on the mitigation or superseding cause instructions, despite naming each as a source of error in his appellate brief. He appears to believe the instructions should have been excluded as a discovery sanction.  For reasons stated earlier, we find the district court did not abuse its discretion in denying the requested sanctions.

caused his condition to worsen by refusing to participate in treatment. Moreover, this is not a situation where a plaintiff's negligent conduct gave rise to the need for medical care. Rather, Robert participated in the allegedly negligent treatment by taking affirmative actions to his own detriment during the course of the medical treatment. We find the district court properly applied the law and the comparative fault instruction was appropriately given. We also find there was sufficient evidence to support a theory that Robert's subsequent illness, pneumonia, was a superseding cause of his death.[8]

Lane also contends the court erred in offering an instruction that stated, "The mere fact that a party was injured does not mean any party was negligent." He admits the instruction is a correct statement of the law, but points out our supreme court has stated the instruction can constitute reversible error when it would distract the jury or overemphasize a particular theory of the case. *See Smith v. Koslow*, 757 N.W.2d 677, 681 (Iowa 2008). In *Koslow*, the fact-of-injury instruction was properly submitted where it was meant to prevent the jury from finding negligence merely because of the unfortunate result of a medical procedure. We find the instruction was properly given in this case for similar reasons.

### b.    Exhibits 22 and 33

Lane unsuccessfully offered Exhibit 22, consisting of copies of the IDIA reports showing Silver Pines's regulatory violations from 2001 to 2010. The

---

[8] At trial, Lane objected to the superseding cause instruction on the basis that there was no evidence "that there was a cause subsequent to the suffering and death of Robert Lane."

district court also declined to allow Exhibit 33, a memorandum to Silver Pines's employees informing the employees some residents were not being cleaned properly. Again, Lane cites no authority to support his position the exhibits should have been allowed.

We find the district court did not abuse its discretion in excluding both exhibits as unfairly prejudicial or irrelevant. Evidence is generally relevant where it tends to make some pertinent fact more or less probable. Iowa R. Evid. 5.401. Relevant evidence is generally admissible unless otherwise excluded by rule, statute, or constitution. Iowa R. Evid. 5.402. Otherwise relevant evidence may be excluded when the value of the evidence is outweighed by the likelihood of prejudice. Iowa R. Evid. 5.403. Unfair prejudice is found where the evidence prompts the jury to reach a conclusion based upon some improper basis, such as emotion. *Pexa v. Auto Owners Ins. Co.*, 686 N.W.2d 150, 159 (Iowa 2004). When examining whether evidence should have been admitted or excluded on these grounds, we must answer two questions: (1) is this relevant evidence; and (2) if it is relevant, is the value of the evidence substantially outweighed by the danger of unfair prejudice. *Graber v. City of Ankeny*, 616 N.W.2d 633, 638 (Iowa 2000).

With regard to exhibit 22, we find no abuse of discretion in the district court's finding the evidence was relevant and unfairly prejudicial. The evidence was intended to prompt the jury into finding Silver Pines negligent because they have generally conducted themselves as a bad actor. The evidence attempts to paint Silver Pines as a RCF that always retains residents beyond a point where

Silver Pines is able to provide appropriate care, implying the same happened in this instance.

Regarding exhibit 33, we agree with the district court that the evidence is irrelevant. The memorandum is directed to the staff of a separate business unit, none of whom participated in the care of Robert. The district court did not abuse its discretion in declining to admit either exhibit.

**AFFIRMED.**