BLACHLEY v. LABA.

1. **Domestic Relations:** LIABILITY OF FATHER FOR NECESSARIES FURNISHED ADULT DAUGHTER LIVING AT HOME. A father is not legally liable, either at common law or by statute, for necessaries furnished an adult but unmarried daughter, at her request, though the daughter be still living with her father as a member of his family, and though the necessaries be furnished with the knowledge of the father, and without any objection on his part. The rule applied in this case to services rendered by a physician to a daughter in her last illness. ADAMS, J., *dissenting*.

*Appeal from Wayne Circuit Court.*

TUESDAY, MARCH 18.

THIS action was commenced before a justice of the peace to recover $32, the value of the services of plaintiff, who is a physician, in rendering "medical treatment for a girl." Judgment was rendered for defendant by the justice of the peace, but on appeal to the circuit court there was a judgment for plaintiff. Defendant appeals to this court.

*G. Taylor Wright*, for appellant.

*E. L. Hart*, for appellee.

BECK, J.—I. The amount in controversy in this cause being less than $100, it was certified by the judge of the circuit court for determination upon the following question of law:

"Is a father legally liable to a physician for the latter's

services in professionally treating the adult but unmarried daughter of said father, during her last illness, where the physician was called by the daughter, she at the time living with her father as a member of his family, that being her home; the treatment being necessary and proper, and rendered with the knowledge of the father, and without any objection on the part of the latter to the physician."

II.   At common law, a father is not liable for necessaries furnished an adult child.   And it may be admitted, for the purposes of this case, that medical treatment is included in the term necessaries.   This rule prevails, though the child be at the home of the father when the necessaries are furnished. *Crane v. Baudouine*, 55 N. Y., 256; *Boyd v. Sappington*, 4 Watts, 247; *Mills v. Wyman*, 3 Pick., 207; *Norris v. Dodge's Adm'r*, 23 Ind., 190; *Wood v. Gill*, Coxe, (N. J.) 449.

The fact that the adult child is a member of the family of the father does not render him liable for necessaries furnished upon request of the child.   The father as the head of the family is not liable for necessaries furnished its members, other than the wife and minor children.   Servants, lodgers and boarders are members of the family, as well as all others who are subject to the authority of its head.   See Webster's Dictionary.   But for necessaries furnished none of them is the father liable.   An adult son or daughter, whose home is with the father, is of this class of persons.

III.   It is argued that, as an adult son or daughter who lives with the father and renders to him personal service cannot recover compensation for such services from the father, he ought to be liable for necessaries furnished to such an one. This point we are not permitted to decide, for the reason that it is not presented by the question certified to us.   It is not shown therein that the daughter in this case rendered any services.   Our decision must be confined to the very question of law certified, and cannot be extended to facts not contemplated in it.

IV.   Counsel for plaintiff thinks that Code, § 1330, which

provides that the father of a poor person, who is unable to maintain himself at work, shall be liable for his maintenance, has application to this case. But the question certified does not contemplate the fact that the daughter was a poor person; and we cannot presume that she was. The facts upon which we are to decide the case do not present this point.

V.    Counsel for plaintiff also insists that defendant's liability arises under Code, § 2214, which provides that "the expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately." The purpose of this section is not to declare what charges or expenditures shall be regarded as "expenses of the family," but simply to provide a remedy therefor against both husband and wife. The section gives no aid in determining what are to be regarded as family expenses.

We have shown that the father is not liable for necessaries furnished to his adult son or daughter who lives with him in the manner shown by the facts certified in the question submitted to us. It may be admitted that he is liable for all family expenses; but, as he is not liable for necessaries furnished for an adult child, under the circumstances stated in the questions certified, they, therefore, constitute no part of the family expenses.

The foregoing discussion disposes of all points argued by counsel. It is our opinion that the judgment of the circuit court ought to be

                                              REVERSED.

ADAMS, J., *dissenting*.