In re the MARRIAGE OF Mary Beth LONGMAN and Lance L. Longman.

Upon the Petition of

Mary Beth Longman n/k/a Mary Beth Oostenbrug, Appellant,

and Concerning

Lance L. Longman, Appellee.

No. 99–0040.

Supreme Court of Iowa.

Nov. 16, 2000.

Gilbert R. Caldwell III of Caldwell, Caldwell & Caldwell, P.L.C., Newton, for appellant.

C. Jean Pendleton of Pingel & Templer, P.C., West Des Moines, for appellee.

CARTER, Justice.

Mary Beth Longman n/k/a Mary Beth Oostenbrug appeals from an order in a dissolution-of-marriage modification action that required her to pay postsecondary education subsidies for her children, Lucas and Jeffrey, pursuant to Iowa Code section 598.21(5A) (Supp.1997). She contends that based on her income she cannot afford to contribute to the postsecondary education of either child. She also contends that the district court erred in requiring her to reimburse the father of the children, Lance Longman, for a portion of the sums he had paid for college education costs of Lucas prior to the court's adjudication.

The order that Mary Beth challenges establishes her subsidy at twenty percent of the postsecondary education costs incurred by Lucas and Jeffrey. In the same order, the court fixed Lance's postsecondary subsidy at one-third of the college education costs incurred by each child. Because Lance has not appealed from that determination, the order establishing his postsecondary education subsidy for Lucas and Jeffrey is affirmed. Because we conclude that Mary Beth's income is insufficient to justify the payment of any postsecondary education subsidy, we reverse the district court's order compelling her to make such payments.

The marriage of Mary Beth and Lance was dissolved in October 1988. They had

four children, two of whom are directly involved in the present litigation. On June 1, 1997, their son Lucas graduated from high school and was accepted as a student at the University of Iowa. At this time, Lance asked the court to modify the parties' dissolution decree by making a specific provision for parental subsidization of the postsecondary education of Lucas. Initially, the court directed that the parties attempt to agree upon their respective financial responsibilities for postsecondary education in accordance with the provisions of Iowa Code section 598.21(5A).

The parties could not agree as to their obligations, and after Lucas had already attended college for three semesters, the court was required to determine the responsibility of Lance and Mary Beth for the subsidization of his education. The court made findings as to the amount of Lucas's educational expenses and determined that through working Lucas was able to pay approximately fifty percent thereof. The court ordered Lance to pay one-third of Lucas's college expenses and ordered Mary Beth to pay twenty percent.

By the time the determination of Lucas's subsidy was made, Jeffrey had also been accepted as a student at the University of Iowa. Based on that circumstance, the district court proceeded to determine the amount of parental subsidization that should be afforded Jeffrey. Based on findings that Jeffrey's expenses would be similar to Lucas's and that Jeffrey also was able to pay approximately fifty percent thereof, he was also provided with a one-third subsidy from Lance and a twenty percent subsidy from Mary Beth. Other details that are important in the litigation will be discussed in consideration of the legal issues presented.

## I. *Whether the Postsecondary Education Expense Subsidy Established for Mary Beth Was Not Warranted Based on Her Available Income.*

Mary Beth contends that based on her income it is obvious she cannot afford to contribute financially toward the postsecondary education of Lucas or Jeffrey. In connection with this contention, the parties engage in a semantic dispute involving Mary Beth's use of the term "good cause" in her argument. Lance argues that determination of good cause under section 598.21(5A) has reference to the child's eligibility for college enrollment and not the ability of a parent to pay. That statute provides:

The court *may* order a postsecondary education subsidy if good cause is shown.

a. In determining whether good cause exists for ordering a postsecondary education subsidy, the court shall consider the age of the child, the ability of the child relative to postsecondary education, the child's financial resources, whether the child is self-sustaining, *and the financial condition of each parent.*

Iowa Code § 598.21(5A)(a) (emphasis added).

Although the child's eligibility for college enrollment was the particular aspect of good cause that this court considered in *In re Marriage of Murphy,* 592 N.W.2d 681, 684 (Iowa 1999), subsection (a) of section 598.21(5A) also requires consideration of the financial condition of each parent in the determination of good cause.

Lance's one-third subsidy of Lucas's college costs was predicated on a before-tax income approaching $80,000. In seeking to establish Mary Beth's ability to pay the subsidy established by the court, Lance urges that she has monthly income after taxes of $1400 plus a child support payment of $374 for the benefit of a third child of the parties. He matches this income with a list of monthly expenses provided by Mary Beth that totaled $1416. That match up would provide a positive cash flow of $358 per month, but the list of expenses furnished by Mary Beth expressly states that it does not include any allow-

ance for clothing, home maintenance, auto maintenance and repair, or medical bill copayments. Consequently, we believe that her positive cash flow is much less and is not sufficient to warrant the imposition on her of any portion of the college expenses incurred by Lucas or Jeffrey. We do not believe that a parent is required to make the same amount of parental sacrifice toward assisting in the college education of a child that is required to provide subsistence support for minor children. *See Stanford v. Stanford,* 628 So.2d 701, 703 (Ala.Ct.Civ.App.1993) (prior to awarding postsecondary educational subsidy court must determine whether parent in question has sufficient earning capacity or income to provide assistance without incurring undue hardship).

## II. *Reimbursement of Lance by Mary Beth for Educational Expenses Paid.*

 Another issue raised in the litigation is whether the court was correct in ordering Mary Beth to reimburse Lance for sums paid by him for Lucas's college expenses in excess of his one-third limit. The district court's ruling was based on a finding that Mary Beth had an obligation to contribute to Lucas's college expenses. Because that finding has been overturned, we could dispose of this issue based on the absence of any duty on her part. However, because of the likelihood that a similar issue might arise with respect to the parties' youngest child and for the benefit of the bench and bar, we express the view that the district court's ruling requiring reimbursement by Mary Beth was wrong even if she had an obligation to contribute toward Lucas's college expenses. Any obligation she would have had in that regard under section 598.21(5A) is owed to Lucas and is properly payable only to him or to the educational provider.[1] Lance, in pay-

ing more than his one-third, court-ordered subsidy, was a volunteer and is not entitled to reimbursement for the extra amount paid. In so holding, we do not intimate that a parent lacks standing to request a postsecondary education subsidy on behalf of a child.

We have considered all issues presented. We affirm the postsecondary expense subsidy that was ordered for Lance and reverse the subsidy that was ordered for Mary Beth.

**AFFIRMED IN PART; REVERSED IN PART.**

McGIVERIN, S.J.,* participates in place of LARSON, J., who takes no part.

---

1. It is provided in Iowa Code § 598.21(5A)(b) that "[a] postsecondary education subsidy shall be payable to the child, the educational institution, or to both, but shall not be payable to the custodial parent."

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).