Debbie JOHNSON, Appellant,

v.

Michael J. LOUIS, Appellee.

No. 01–0402.

Supreme Court of Iowa.

Dec. 18, 2002.

Leslie Babich and Stacey N. Warren of Babich, Goldman, Cashatt & Renzo, P.C., Des Moines, for appellant.

Ben T. Doran of Doran, Anderson & Baltimore, P.L.C., Boone, for appellee.

CARTER, Justice.

Debbie Johnson, the mother of Jared Johnson, appealed from a denial of her request to modify the child support obligation of Jared's father, Michael Louis, to include a postsecondary educational subsidy for Jared. Debbie and Michael had never married. The court of appeals, although acknowledging that Jared, who would soon be eighteen, had no statutory or common-law right to continued child support after attaining that age, concluded that a refusal to grant him a postsecondary educational subsidy would amount to a denial of equal protection of the law. As a result, it reversed the district court's judgment and ordered that a subsidy be exacted from Michael. After reviewing the record and considering the arguments presented, we vacate the decision of the court of appeals and affirm the judgment of the district court.

Debbie gave birth to Jared on November 3, 1982. In February of 1984 the child support recovery unit, acting on behalf of Debbie, sought and obtained a finding of paternity and a support order against Michael pursuant to Iowa Code section 252A.3(2) (1983). On June 12, 1991, the amount of support to be provided Jared by Michael was substantially increased as a result of Debbie's application to modify the 1984 order. On November 14, 1994, the district court, acting on Debbie's application, again increased the amount of child support required from Michael based on a finding that the support provided in the 1991 order was more than ten percent below that which was required under the child support guidelines.

The November 1994 order that increased Michael's child-support obligation also acted favorably on his request for court-prescribed visitation with Jared. Prior to that order, Michael had enjoyed very little visitation. Between November 1994 and October 1995, Michael's visits with Jared were sporadic and, when they occurred, of short duration. On the latter date, Debbie moved with Jared from Ames, Iowa (where Michael resided), to Salt Lake City, Utah, and Michael's visits with Jared ceased entirely except for a few brief telephone conversations. In May 2000 Debbie petitioned for a modification of the support order to include a postsecondary educational subsidy. The district court denied that request on February 6, 2001. Other facts that are of significance in deciding the appeal will be discussed in connection with our consideration of the legal issues presented.

## I. Common–Law and Statutory Requirements for Parental Support of Children.

We first consider the extent of common-law or statutory requirements for parental support of children.

A. *Common law.* At common law a parent's obligation to support his or her child ends when the latter becomes of age, unless the child is physically or mentally unable to care for itself. *Davis v. Davis,* 246 Iowa 262, 266, 67 N.W.2d 566, 568 (1954); *Addy v. Addy,* 240 Iowa 255, 258, 36 N.W.2d 352, 354 (1949); *Blachley v. Laba,* 63 Iowa 22, 23–24, 18 N.W. 658, 658 (1884). At common law the time one became of age was twenty-one. 42 Am. Jur.2d *Infants* § 5, at 16 (2000). In Iowa this age was lowered by statute to nine-

teen in 1972. 1972 Iowa Acts ch. 1027, § 49. The following year it was lowered to eighteen. 1973 Iowa Acts ch. 140, § 49. It has remained at this age ever since, except as altered by statute in specific situations not relevant here.

B. *Iowa Code chapter 252A.* Michael's child-support obligation was adjudicated pursuant to Iowa Code chapter 252A in 1984. When this obligation was originally established, chapter 252A provided that a child-support obligor was required to pay for "his or her child or children under eighteen years of age . . . a fair and reasonable sum according to his or her means, as may be determined by the court." Iowa Code § 252A.3(2) (1983). This "under eighteen years of age" limitation for support actions under chapter 252A has been retained until the present time. The corresponding provision of chapter 252A at the time of the latest child support order on February 6, 2001, rendered a child-support obligor who is a parent but not a spouse

liable for the support of the parent's child or children under eighteen years of age, whenever the other parent of such child or children is dead, or cannot be found, or is incapable of supporting the child or children, and, if the liable parent is possessed of sufficient means or able

to earn the means. The court having jurisdiction of the respondent in a proceeding instituted under this chapter shall establish the respondent's monthly support payment and the amount of the support debt accrued and accruing pursuant to section 598.21, subsection 4.

Iowa Code § 252A.3(2) (1999).[1] Subsection 4 of section 598.21 (1999) provided for monthly support payments consistent with the child-support guidelines. Our child-support guidelines have never included provisions that relate to postsecondary educational subsidies. We are satisfied that at no time following the original support order against Michael has chapter 252A obligated him to provide a postsecondary educational subsidy for children eighteen years of age or older.[2]

C. *Iowa Code chapter 600B.* Iowa Code section 600B.1 provides:

The parents of a child born out of wedlock and not legitimatized (in this chapter referred to as "the child") owe the child necessary maintenance, education, and support.

Later in the same chapter, it is provided, "[f]or the purposes of this chapter, '*child*' means a person less than eighteen years of age." Iowa Code § 600B.39.

---

1. In contrast, in subsection (1) of section 252A.3, which pertains to the support obligation of a "spouse," the cross-reference to section 598.21 is to the entire section, rather than to subsection (4) thereof. Subsection (1) of section 252A.3 reads:

A spouse is liable for the support of the other spouse and any child or children under eighteen years of age and any other dependent. The court shall establish the respondent's monthly support payment and the amount of the support debt accrued and accruing pursuant to section 598.21.

2. Because we conclude that at no time did the applicable statutes provide a basis for imposing a postsecondary educational subsidy as

part of a chapter 252A support order, we need not consider whether decrees under chapter 252A may be modified based on legislative change that provides more generous benefits. In marriage-dissolution cases, we have held that legislative changes decreasing support benefits may not be applied retroactively to modify support payments ordered under prior law. *In re Marriage of Sojka*, 611 N.W.2d 503, 505 (Iowa 2000); *In re Marriage of Williams*, 595 N.W.2d 126, 130 (Iowa 1999); *Willcox v. Bradrick*, 319 N.W.2d 216, 217–18 (Iowa 1982); *In re Marriage of Harless*, 251 N.W.2d 212, 212 (Iowa 1977). We have yet to decide whether a modification of a support order may be based on a statutory change providing more generous benefits.

D. *Iowa Code chapter 598.* The source of the claimed entitlement, which the court of appeals confirmed on equal-protection grounds, is Iowa Code chapter 598. There are several pertinent provisions in this chapter with respect to the support of children. Iowa Code section 598.1(9) provides:

> "*Support*" or "*support payments*" means an amount which the court may require either of the parties to pay under a temporary order or a final judgment or decree, and may include alimony, child support, maintenance, and any other term used to describe these obligations. For orders entered on or after July 1, 1990, unless the court specifically orders otherwise, medical support is not included in the monetary amount of child support. The obligations shall include support for a child who is between the ages of eighteen and nineteen years who is engaged full-time in completing high school graduation or equivalency requirements in a manner which is reasonably expected to result in completion of the requirements prior to the person reaching nineteen years of age; and may include support for a child of any age who is dependent on the parties to the dissolution proceedings because of physical or mental disability.

Iowa Code section 598.21(4)(a) provides: [U]pon every judgment of annulment, dissolution, or separate maintenance, the court may order either parent or both parents to pay an amount reasonable and necessary for supporting a child.... There shall be a rebuttable presumption that the amount of child support which would result from the application of the guidelines prescribed by the supreme court is the correct amount of child support to be awarded.

Another provision of section 598.21 provides:

> The court may order a postsecondary education subsidy if good cause is shown.
>
> . . . .
>
> *b.* A postsecondary education subsidy shall be payable to the child, to the educational institution, or to both, but shall not be payable to the custodial parent.

Iowa Code § 598.21(5A). As we have previously noted, at the time of the several determinations of Michael's child support obligation that have taken place since 1984, section 598.21(5A) was not applicable in determining his support obligation.

■ The court of appeals was correct in concluding that, based on the applicable statutory law, Michael was under no obligation to provide any type of child support for Jared after Jared attained his eighteenth birthday.

## II. *The Equal Protection Issue.*

■ The court of appeals concluded that, because support decrees entered in proceedings under Iowa Code chapter 598 allow the court to provide a postsecondary educational subsidy for a child attending college, it is a denial of equal protection of the law to deny the same opportunity for a child whose support obligation is adjudicated under statutes other than chapter 598. Michael urges that the court of appeals' conclusion on that issue is flawed.

The primary basis for the court of appeals' decision was its conclusion that the statutory scheme discriminated against illegitimate children because only children whose parents are married have their support obligation adjudicated under chapter 598. As support for striking down this perceived discrimination, the court of appeals relied on *Levy v. Louisiana,* 391 U.S. 68, 71, 88 S.Ct. 1509, 1511, 20 L.Ed.2d 436, 439 (1968), wherein the Court held that it was a denial of equal protection

890

under the Fourteenth Amendment to the federal constitution for the State of Louisiana to fail to provide the same right of recovery for wrongful death of a parent to illegitimate children as was provided to legitimate children. A similar result, also involving the State of Louisiana, was reached in *Weber v. Aetna Casualty & Surety Co.*, 406 U.S. 164, 169, 92 S.Ct. 1400, 1403, 31 L.Ed.2d 768, 775 (1972) (failure to provide identical workers' compensation benefits to legitimate and illegitimate children of a worker killed on the job deemed denial of equal protection).

Because the court of appeals decided the issue under the federal constitution, we consider it in the same manner. We note, however, that we usually deem the federal and state Equal Protection Clauses to be identical in scope, import, and purpose. *Exira Cmty. Sch. Dist. v. State*, 512 N.W.2d 787, 792–93 (Iowa 1994). Mere differentiation is not enough to constitute denial of equal protection—there must be invidious discrimination. *Bd. of Dirs. of Indep. Sch. Dist. of Waterloo v. Green*, 259 Iowa 1260, 1270, 147 N.W.2d 854, 860 (1967). In *State v. Mann*, 602 N.W.2d 785 (Iowa 1999), we observed:

> A classification is reasonable if it is "based upon some apparent difference in situation or circumstances of the subjects placed within one class or the other which establishes the necessity or propriety of distinction between them." A classification "does not deny equal protection simply because in practice it results in some inequality; practical problems of government permit rough accommodations...."

*Mann*, 602 N.W.2d at 792 (citations omitted). Unless a suspect class or a fundamental right is involved, any classification made by the legislature need only have a rational basis. *Bowers v. Polk County Bd. of Supervisors*, 638 N.W.2d 682, 689 (Iowa 2002). In applying this standard, we apply a rational-basis test in determining the validity of the statutory classifications that are assailed here.

We conclude that the discrimination against illegitimate children that was perceived by the court of appeals is not well-founded. Michael's support obligation was originally established under Iowa Code chapter 252A. We have recognized a right to modify orders entered under chapter 252A, albeit not retroactively. *State ex rel. Dep't of Human Servs. v. Flo*, 477 N.W.2d 383, 384 (Iowa 1991). We are convinced that the most recent modification effort in 2001 seeking a postsecondary educational subsidy was required to be adjudicated within the limits of the support allowed in chapter 252A.

Chapter 252A, at all times relevant to the present dispute, has provided for support orders for both legitimate and illegitimate children. Subsections (1) and (2) of section 252A.2 do distinguish between parents who have been married (and thus obtained a status of a "spouse") and other parents. We are convinced, however, that neither subsection establishes a right to a postsecondary educational subsidy for children who are eighteen years of age or older. Although subsection (1) appears to incorporate all of section 598.21 for purposes of fixing support, the language in that subsection that precedes the reference to section 598.21 limits the obligation for support under that subsection to children under eighteen years of age.

We also conclude that there is no invidious discrimination between the rights of children whose parents dissolve their marriages under chapter 598 and those for whom support is determined under chapter 252A. Chapter 252A, at all times relevant to this dispute, has been a body of uniform legislation. *See* Iowa Code § 252A.1 (1999). As such it was a rational decision for the legislature to adopt the

provisions of the uniform law as framed by its drafters, rather than substituting a local variation.

For purposes of an equal-protection analysis, Jared's lack of entitlement to a postsecondary educational subsidy is not only similar to the situation of other child-support obligees whose rights are established pursuant to chapter 252A, it is also similar to the situation of children whose parents continue to be married to each other. The class of children who do enjoy the right to seek a postsecondary educational subsidy, *i.e.*, children whose parents are or have been divorced, present a situation different from the classes of children who do not enjoy that entitlement.

As we recognized in *In re Marriage of Vrban*, 293 N.W.2d 198, 202 (Iowa 1980), the benefited class of children have had the attributes of a legally recognized parental relationship taken from them by court decree. The educational benefit is a quid pro quo for the loss of stability resulting from divorce. Children like Jared, whose parents never sought State involvement to formalize or dissolve their relationships, are not similarly situated. They cannot claim the loss of stability such change in status brings. And, while they may rightfully claim a similarly vulnerable status insofar as furthering their education, we deem the classification drawn by the legislature to be rational, not arbitrary, and thus not constitutionally infirm.

We have considered all issues presented and conclude that the decision of the court of appeals should be vacated. The judgment of the district court is affirmed.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**