In re the MARRIAGE OF Flora
E. HAKER and Franklin A.
Haker.

Upon the Petition of Flora E. Haker
n/k/a/ Flora Findlater, Petitioner–
Appellant,

and

Concerning Franklin A. Haker,
Respondent–Appellee.

No. 03–1620.

Court of Appeals of Iowa.

April 14, 2004.

Benjamin Blackstock of Blackstock Law Offices, Cedar Rapids, for appellant.

Mark Mossman of Mossman & Mossman, L.L.P., Vinton, for appellee.

Considered by SACKETT, C.J., and VAITHESWARAN and EISENHAUER, JJ.

VAITHESWARAN, J.

A divorced mother appeals a modification ruling essentially discharging the father's postsecondary support obligation. We affirm.

## I. Background Facts and Proceedings

Franklin and Flora Haker married, had three children, and divorced in 1997. The dissolution decree incorporated a stipulation that Franklin would "assume full responsibility for the cost of higher education for the children." When Franklin did not pay all the higher education expenses for his youngest son, Clark, Flora

applied to modify the decree.[1] Franklin answered and counterclaimed for a declaration that his obligation had been satisfied or, in the alternative, that "the Decree should be modified to incorporate the requirements and limitations of Iowa Code section 598.21(5A) with respect to both parties." Following a hearing, the district court granted Franklin's application and dismissed Flora's. The court concluded that Franklin's obligation to pay Clark's higher education expenses would be deemed satisfied and discharged upon the payment of $15,000. In a subsequent ruling pursuant to Iowa Rule of Civil Procedure 1.904(2)[2], the court found that Franklin had paid $12,222.18 toward his obligation.

On appeal, Flora contends Franklin's obligation to pay Clark's higher education expenses was unconditional. In her view, Iowa Code section 598.21(5A) cannot be applied retroactively to limit his obligation because the dissolution decree fixed his contribution. Franklin responds that there was a substantial change of circumstances justifying the district court's ruling.

## II. Retroactive Application of Iowa Code Section 598.21(5A)

Iowa Code section 598.21(5A) was enacted in 1997 and authorizes a divorced parent to subsidize a child's postsecondary education under certain conditions and with certain limitations. Following its enactment, the Iowa Supreme Court held that the provision did not apply retroactively. In re Marriage of Sojka, 611 N.W.2d 503, 505 (Iowa 2000).

In 2002, the legislature added Iowa Code section 598.21(5A)(e), which authorizes retroactive application.[3] See In re Marriage of Vannausdle, 668 N.W.2d 885, 888 (Iowa 2003) (stating "our legislature specifically made the provisions retroactive, and any divorce decree providing for support of a child in college entered before July 1, 1997, is subject to modification in accordance with the statutory procedures.").

Notwithstanding this retroactivity provision, the Iowa Supreme Court held in In re Marriage of Rosenfeld, 668 N.W.2d 840, 847 (Iowa 2003) that Iowa Code section 598.21(5A) only applied to decrees predating its enactment where "the court did not fix college expenses prior to" its enactment. The court stated that where the original decree "determined parental contributions to the child's college expenses," the holding of Sojka (precluding retroactive application of Iowa Code section 598.21(5A)) still applied. Rosenfeld, 668 N.W.2d at 847; cf. Vannausdle, 668 N.W.2d at 886–87 (applying Iowa Code section 598.21(5A) retroactively to a decree that did not fix the amount of higher education support); Johnson v. Louis, 654 N.W.2d 886, 888 n. 2 (Iowa 2002) (stating "legislative changes decreasing support benefits may not be applied retroactively to modify support payments ordered under prior law.").[4]

1. She initially filed an "Application for Orders Regarding Education Expenses." The district court dismissed this application, concluding it was really an attempt to modify the decree. Flora then filed a modification application.

2. This rule was formerly Iowa Rule of Civil Procedure 179(b). It authorizes enlarged findings and conclusions.

3. This provision states, "[a] support order, decree, or judgment entered or pending before July 1, 1997, that provides for support of a child for college, university, or community college expenses may be modified in accordance with this subsection."

4. The court acknowledged the legislature's addition of a retroactivity provision, but stat-

In light of *Rosenfeld,* and given the fact that the decree in this case fixed Franklin's college contribution, we decline to apply Iowa Code section 598.21(5A) retroactively.

### III. Substantial Change of Circumstances

We must next decide whether the district court's modification of the decree was justified based on a material and substantial change in circumstances. *See In re Marriage of Maher,* 596 N.W.2d 561, 564–65 (Iowa 1999) (setting forth modification standards). As the district court found, Clark enrolled in four institutions, including the University of Northern Iowa (UNI), following his graduation from high school. He had difficulty maintaining his grade point average at UNI and was ultimately expelled for academic failure. Clark then decided to attend a culinary school in Portland, Oregon. By this time, he was twenty-two years old. The program had a fifteen month curriculum and a cost of $20,625 for tuition alone. Franklin agreed to pay $12–$15,000 toward Clark's expenses, with Clark to assume responsibility for the balance. Although Clark initially concurred in this arrangement, he implied at trial that his agreement was not voluntary, stating "either I signed this and get some help or I wasn't going to get any help."

We agree with Franklin that Clark's lengthy and checkered voyage through post-secondary institutions amounted to a substantial change of circumstances warranting modification of the decree. We

further conclude the district court acted equitably in deeming Franklin's post-secondary support obligation discharged upon the payment of $15,000.

As for Flora's argument that Franklin should reimburse her for amounts she expended on Clark's postsecondary education, the same argument was rejected in *In re Marriage of Longman,* 619 N.W.2d 369, 371 (Iowa 2000).

### IV. Attorney Fees

Flora contends the district court should have ordered Franklin to pay her trial attorney fees. Our review of this issue is for an abuse of discretion. *In re Marriage of Benson,* 545 N.W.2d 252, 258 (Iowa 1996). We find no abuse.

Both parties seek appellate attorney fees, Flora in the event we reverse the modification decree, and Franklin based on his belief that there is no merit to this appeal. As we are affirming the district court, we decline to order Franklin to pay Flora's appellate attorney fees. As we have found merit to Flora's argument concerning the retroactive application of Iowa Code section 598.21(5A), we decline to order her to pay Franklin's appellate attorney fees.

**AFFIRMED.**

---

ed it would not address the provision's effect.

*Rosenfeld,* 668 N.W.2d at 847 n. 5.