# IN THE COURT OF APPEALS OF IOWA

No. 16-0820
Filed March 22, 2017

IN RE THE MARRIAGE OF TAMARA K. ANDERSON-GERELS
AND JAY D. GERELS

Upon the Petition of
TAMARA K. ANDERSON-GERELS,

RODNEY R. EATON, Administrator of the TAMARA K. EATON (f/k/a
TAMARA K. ANDERSON-GERELS) ESTATE,
        Petitioner-Appellee/Cross-Appellant,

And Concerning
JAY D. GERELS,
        Respondent-Appellant/Cross-Appellee.
_____

        Appeal from the Iowa District Court for Muscatine County, Stuart P.

Werling, Judge.


        Jay Gerels appeals the district court's modification of the decree

dissolving his marriage with Tamara Anderson-Gerels.   **AFFIRMED AS**

**MODIFIED.**


        Brian J. Metcalf of Metcalf, Conlon & Siering, P.L.C., Muscatine, for

appellant.

        John E. Wunder of Wunder Law Office, Muscatine, for appellee.


        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, Presiding Judge.**

Jay Gerels appeals the district court's modification of the decree dissolving his marriage with Tamara Anderson-Gerels,[1] in which the district court ordered each of the parties to pay a postsecondary education subsidy of $250 per month to their child. Tamara cross-appeals,[2] challenging the district court's denial of her request for attorney fees and for a lien to be established on Jay's retirement account in security for his obligation to provide postsecondary education support. Our review is de novo. *See In re Marriage of Mihm*, 842 N.W.2d 378, 381 (Iowa 2014).

Iowa Code section 598.21F(1) (2015) provides a "court may order a postsecondary education subsidy if good cause is shown."

> In determining whether good cause exists for ordering a postsecondary education subsidy, the court shall consider the age of the child, the ability of the child relative to postsecondary education, the child's financial resources, whether the child is self-sustaining, and the financial condition of each parent.

Iowa Code § 598.21F(2). Once good cause has been shown, the court must calculate the appropriate amount of subsidy by: (1) "determin[ing] the cost of postsecondary education based upon the cost of attending an in-state public institution for a course of instruction leading to an undergraduate degree and shall include the reasonable costs for only necessary postsecondary education expenses" and (2) determining the amount "the child may reasonably be expected to contribute, considering the child's financial resources, including but

---

[1] Unfortunately, during the pendency of this action, Tamara passed away as a result of a terminal illness she had at the onset of this matter. The administrator of Tamara's estate continues this action.
[2] For this opinion, we will continue to address the claims as Tamara's, not claims of the estate or its administrator.

not limited to the availability of financial aid whether in the form of scholarships, grants, or student loans, and the ability of the child to earn income while attending school." *Id.* § 598.21F(2)(a), (b). The court then deducts the child's expected contribution and apportions the remaining cost to each parent. *Id.* § 598.21F(2)(c).

Jay does not dispute his child is eligible for a postsecondary education subsidy. *See id.* § 598.1(8). Instead, Jay argues the district court erred in finding good cause existed in light of his dire financial situation and the lack of information on what scholarships and loans his child would receive.

In *In re Marriage of Longman*, 619 N.W.2d 369, 370-71 (Iowa 2000), the Iowa Supreme Court determined a postsecondary education subsidy was not warranted because of the parent's available income. The parent in *Longman* had a monthly income after taxes of $1400. 619 N.W.2d at 370. She also received $374 in child support. *Id.* After noting the parent's monthly expenses totaled $1416—even without accounting for expenses such as "clothing, home maintenance, auto maintenance and repair, or medical bill copayments"—the court determined her cash flow "[wa]s not sufficient to warrant the imposition on her of any portion of the college expenses." *Id.* at 371.

Similarly, here, Jay earns $1712.51 per month in disability benefits[3] and brings home $1441.16 after taxes. He reports monthly expenses totaling $2875.00. However, Jay also reports assets totaling $179,794.86 (his home, car,

---

[3] The district court noted Jay's disability will likely prevent him from ever being gainfully employed again. At trial, Jay testified he was "humiliated" he was unable to provide financially for his child and wished he were able to work; the district court found this testimony credible.

and retirement account), obligations totaling $85,150.18 (his mortgage, car loan, and a loan taken against the retirement account), and a net worth of $94,644.68. We have repeatedly held "a postsecondary education subsidy must not cause undue financial hardship on a parent." *In re Marriage of Vaughan*, 812 N.W.2d 688, 695 (Iowa 2012); *see also Longman*, 619 N.W.2d at 371 ("We do not believe that a parent is required to make the same amount of parental sacrifice toward assisting in the college education of a child that is required to provide subsistence support for minor children."). However, in the circumstances of this case, we believe a modest subsidy is warranted. *See In re Marriage of Neff*, 675 N.W.2d 573, 580 (Iowa 2004).

In *Neff*, the Iowa Supreme Court required a parent—who made $23,171 annually, paid approximately $300 per month in child support, and had only a 1989 Chevrolet, $130 in a bank account, and $50 in furniture as assets—to pay $300 per year as a postsecondary education subsidy to two of his children. As in *Neff*, Jay's means are meager, but he is able to make a modest contribution to his child's education. *See In re Marriage of Edens*, No. 04-2076, 2005 WL 1750473, at *1 (Iowa Ct. App. July 27, 2005).

We turn next to the amount the district court ordered Jay to pay. As Jay noted at the time of trial, the parties did not yet know what financial aid, if any, the child would be receiving.[4] However, given Jay's financial situation, his child will be required to pay substantially all of the cost of her education. *See Neff*, 675 N.W.2d at 579. We conclude Jay is able to and should subsidize his child's

---

[4] Jay may seek a modification of this award in the event additional information regarding the child's financial aid changes the circumstances.

education with $1000 per year. His obligation is payable in the amount of $500 at the beginning of each fall and spring semester.

For the reasons stated by the district court, we affirm its denial of Tamara's request for a lien on Jay's retirement account. Further, "[a]n award of attorney fees lies within the discretion of the trial court." *In re Marriage of Applegate*, 567 N.W.2d 671, 673 (Iowa Ct. App. 1997). On the facts before us, we cannot find the district court abused its discretion in denying an award of attorney fees. Similarly, having considered the relevant factors, we deny Tamara's request for appellate attorney fees. *See In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005).

**AFFIRMED AS MODIFIED.**