In re the MARRIAGE OF Margaret
L. LAMBERTUS and David L.
Lambertus

Upon the Petition of Margaret
L. Lambertus, Petitioner–
Appellant,

and

Concerning David L. Lambertus,
Respondent–Appellee.

No. 09–1765.

Court of Appeals of Iowa.

Oct. 20, 2010.

Gary Hill and Katie Naset of Iowa Legal Aid, Des Moines, for appellant.

Lee M. Walker and Jane Odland, Newton, for appellee.

Considered by SACKETT, C.J., and POTTERFIELD and TABOR, JJ.

POTTERFIELD, J.

## I. Background Facts and Proceedings

Margaret and David Lambertus were divorced on June 30, 1994. The parties have a child together who was born in May 1990. David was ordered to pay child support for the parties' son "until the parties' minor child becomes 18 years of age *and* graduates from high school or ceases attending school, marries, becomes self-supporting or dies, whichever event first occurs." (Emphasis added). An order for assignment of income with regard to David's child support obligation was subsequently entered.[1]

On June 15, 2009, when the parties' child had reached age nineteen, the district court entered an order presented by David that terminated his wage assignment pursuant to the divorce decree. The parties' child was still in high school at the time and was not expected to graduate until

---

1. An order of modification was also subsequently entered, but it did not alter the language in the decree as to when child support would terminate.

May of 2010. The district court signed the order, which stated that the divorce decree required David to pay support "until the child reached the age of 18 years *or* graduated from high school." (Emphasis added). On July 14, 2009, Margaret filed a motion to determine continuing child support obligation.[2] The parties agreed to reinstate the wage assignment pending resolution of Margaret's motion.

On October 13, 2009, the district court, without taking testimony or evidence, ruled that the child support order terminated as of the child's nineteenth birthday. The court based its ruling on the Iowa Supreme Court's decision in *In re Marriage of Pals,* 714 N.W.2d 644, 649 (Iowa 2006). Margaret filed a motion to reconsider, which the district court denied by calendar ruling on October 26, 2009. Margaret appeals.

## II. Standard of Review

■ "A proceeding to modify or implement a marriage dissolution decree subsequent to its entry is triable in equity and reviewed de novo on appeal." *Pals,* 714 N.W.2d at 646.

## III. Merits

■ At the time of the parties' decree, Iowa Code section 598.1(6) (1993) defined support obligations to include

> support for a child who is between the ages of eighteen and twenty-two years who is regularly attending an accredited school in pursuance of a course of study leading to a high school diploma or its equivalent, or regularly attending a course of vocational-technical training . . . or is, in good faith, a full-time stu-

dent in a college, university, or community college. . . .

This chapter was amended effective July 1, 1997. As part of this amendment, the legislature removed the postsecondary education support clause from the definition of support, redefined support to terminate at age nineteen, and enacted a separate statute, Iowa Code section 598.21(5A), to provide for a postsecondary education subsidy.[3] *Id.* at 647.

The Iowa Supreme Court considered the retroactivity of the amended statute on postsecondary child support obligations in *In re Marriage of Sojka,* 611 N.W.2d 503 (Iowa 2000). In *Sojka,* the court held that because the legislature did not include language suggesting retroactive application of the change, the 1997 amendments regarding postsecondary education subsidies applied only to dissolution decrees postdating the statute's enactment. *Sojka,* 611 N.W.2d at 505.

Subsequently, the legislature enacted Iowa Code section 598.21(5A)(e) (2003), which provided, "A support order, decree, or judgment entered or pending before July 1, 1997, that provides for support of a child for college, university, or community college expenses may be modified in accordance with this subsection." In 2006, the Iowa Supreme Court again considered the retroactive application of the postsecondary education subsidy statute. *See Pals,* 714 N.W.2d at 646–50. There, the court found that, given the legislature's recent amendment, the postsecondary education subsidy statute applied retroactively to the Palses' 1991 dissolution decree, which had provided for child support to continue during a child's postsecondary education. *Id.* at 649.

---

**2.** Margaret's motion effectively brought to the court the issues raised by the language of the decree and the intervening statutes.

**3.** The postsecondary education subsidy statute was later moved to Iowa Code section 598.21F (Supp.2005), where it is found today.

Margaret argues the district court's reliance on *Pals* was misplaced because the amendment which was the focus of the *Pals* decision only applied to postsecondary education. The *Pals* court noted that the legislature had specifically authorized "courts to retroactively apply the postsecondary-education-subsidy statute *to modify prior decrees that imposed a support obligation for college expenses.*" *Id.* at 648 (emphasis added). The court stated, "[T]he subsidy statute can only be used to modify child-support provisions in decrees for college expenses."[4] *Id.* at 649. This is consistent with the language of section 598.21(5A)(e), which provides retroactivity of the postsecondary education subsidy only for pre–1997 decrees that provided support for postsecondary education expenses.

Because the legislature and the supreme court in *Pals* both expressly found that the retroactivity statute only applied to modification of parental obligations to pay post-secondary education provisions, we agree with Margaret that *Pals* did not apply to make the new definition of support under section 598.1(9) retroactive to pre–1997 decrees that did not address support for postsecondary education expenses. We therefore reverse the district court's order modifying the Lambertus decree and terminating David's child support obligation and wage assignment in this case as of May 9, 2009.

David argues he should be awarded appellate attorney fees. In our discretion, we deny his request for appellate attorney fees.

**REVERSED.**

---

4. As David correctly points out, the court later stated, "The legislature intended the standard under section 598.21(5A) and the new definition of 'support' under section 598.1(9) to apply retroactively to pre-July 1, 1997 decrees." *Pals*, 714 N.W.2d at 649. However, when this sentence is read in the context of the court's decision in *Pals*, it is clear that the retroactivity statute permits modification of postsecondary education subsidies only in those pre–1997 decrees that included some provision for college expenses. *Id.*